# Milliken's Estate.

*Taxation—Collateral inheritance tax—Decedent's estates—Property in another state.*

Where a man dies intestate and domiciled in another state, and leaves personal property, all of which is in the state of decedent's domicile, and two weeks afterwards his sister, who was domiciled in Pennsylvania and who was entitled to a share of his estate, also dies before actually receiving any of the estate, such share of the estate is liable for the payment of the collateral inheritance tax of the state of Pennsylvania.

In such a case the sister immediately upon the death of her brother was not only in constructive possession of her share of his estate, but she was to a degree in actual possession, inasmuch as she could exercise every right of an owner in actual possession, except that of determining the amount of charges for administration ; she was the absolute uncontrolled owner subject to a trifling lien.

Argued April 21, 1903. Appeal, No. 100, Jan. T., 1903, by Edward F. Milliken, from decree of O. C. Centre Co., No. 7252, on case stated in estate of Marion L. Milliken, deceased. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine liability for collateral inheritance tax.

The facts are stated in the opinion of the Supreme Court.

The court in an opinion by Love, P. J., entered a decree in favor of the commonwealth for $5,412.22.

*Error assigned* was the decree of the court.

*John Blanchard*, with him *Andrew Shiland* and *Edmund Blanchard*, for appellant.

*Harry Keller*, for appellee, was not heard.

Per Curiam, May 11, 1903:

James Milliken died February 4, 1902, intestate, unmarried and without issue ; at his death his domicile was in the city of New York. He left a large personal estate consisting of stocks, bonds and cash which at his death was actually in New York, the place of his domicile. He left several collateral heirs among them a sister, this intestate, whose residence was in Bellefonte, Centre county, Pennsylvania; there descended to her at her brother's death one third of his estate, the net value of her share being $108,244.47 ; two weeks after his death, before any part of this had come into her actual possession, she on February 18, 1902, died intestate, unmarried and without issue. The question under the case stated is whether the sister's share of her brother's estate, his estate having been administered in New York, is subject to the collateral inheritance tax imposed by the laws of Pennsylvania.

Our act of May 6, 1887, enacts : " That all estates, real, personal and mixed of every kind whatsoever . . . . and all estates situate in another state, territory or county, when the persons dying seized thereof shall have their domicile within this commonwealth . . . . are hereby made subject to a tax of five dollars on every hundred dollars on the clear value of such estate."

The moment the brother died, the law cast upon the sister her share in his estate. It is wholly immaterial that the net amount was not yet fixed and could not be until the final settlement of the administration in New York; her right to the net amount was irrevocably fixed by his death. This is the sum of all the authorities. " An heir is one upon whom the law casts

an estate of inheritance immediately upon the death of the owner; and the rights of heirs are considered as arising at the moment of the death of the ancestor:" 2 Blackstone, 201.; Williams on Executors, 404. It is true, at common-law, the word heir was strictly applicable only to one who succeeded to land, yet the right of possession in one entitled to personalty, devolving upon him by the death of the ancestor, had always been held to vest immediately on the death of the ancestor; and in the case of personal chattels the right draws to it the possession. As is said by SHARSWOOD, J., in Norris's Appeal, 64 Pa. 275, " Constructive possession, is adjudged to be in him in whom is the legal and rightful title." It is conceded that the legal and rightful title to her share was in Marion L. Milliken in Pennsylvania from the moment her brother died in New York. His securities were there deposited in a trust company; they were not in his physical possession; could not well have been; his right to custody over them to the extent of her share nominally passed at once to her on his death, subject only to the incident of administration in New York. Her share from that moment was a subject of bargain, sale or transfer by her in Pennsylvania, subject only to her share of the expenses of administration in New York. For two weeks then she was not only in full constructive possession, she was to a degree in actual possession, that is, she could exercise every right of an owner in actual possession except that of determining the amount of charges for administration; she was the absolute uncontrolled owner, subject to a trifling lien. Whatever may be the rule as to taxation of the personal estate of non-residents or as to the taxation of land outside the state, or of the taxation of personal property where there is no immediate right of possession, the tax here was imposed upon the property of a resident, the property which was immediately in her constructive possession and so remained until her death and, therefore, is clearly subject to the collateral inheritance tax imposed by our act of 1887. So the learned judge of the court below rightly decided. All the assignments of error are overruled and the judgment is affirmed.