## Powers's Estate.

*Inheritance transfer tax—Property transferred under power of appointment—Act of June 20, 1919.*

Section 1, clause (d), of the Act of June 20, 1919, P. L. 521, imposing the inheritance transfer tax upon "any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act," does not apply to property transferred under a power of appointment taking effect after the passage of the act where the will creating the power took effect before its passage.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1882, No. 30.

The auditing judge (Gummey, J.) said in his adjudication:

"The question arises whether the sums thus to be paid, as well as so much of the residuary estate as passes in trust for the benefit of the children of Mary Powers Harris, are subject to the payment of an inheritance tax to the Commonwealth of Pennsylvania. Prior to the Act of June 20, 1919, P. L. 521, the question whether an appointed estate was subject to the payment of an inheritance tax depended upon the relationship in which the appointee stood to the donor of the power. In the present instance the beneficiaries are all descended from the testator, Thomas H. Powers, and as he died before the passage of the act imposing a direct inheritance tax, no tax is due unless imposed by clause (d) of section 1 of the Act of June 20, 1919, P. L. 521, which imposes a tax on 'any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act;' but it seems clear that the word 'instrument' refers to the document creating

the power, which, in the present case, was the will of Thomas H. Powers, which took effect before the passage of the act, and, therefore, so much of the appointed estate as passes for the benefit of his lineals is not subject to the payment of an inheritance tax, and the claim of the Commonwealth to a tax thereon is dismissed."

*Abraham Berkowitz,* for Commonwealth.

*Raymond M. Remick* (of *Saul, Ewing, Remick & Saul*), for The Pennsylvania Company for Insurances on Lives and Granting Annuities, trustee, and *Sharswood Brinton,* for the beneficiaries, contra.

GEST, J., Dec. 1, 1922.—The facts of this case are few and simple. Powers, the testator, died in 1878, and by his will devised a share of his estate in trust for his daughter, Mary, for life, giving her a general power of testamentary appointment over the principal of her share. This power she exercised by her will in favor of her sons, and died Aug. 31, 1921. At the audit of the account of her trustee, the Commonwealth claimed that a tax of 2 per cent. was due under the Act of June 20, 1919, P. L. 521, which the auditing judge refused to award, and these exceptions are filed to his adjudication.

It can hardly be questioned that no tax is imposed by clause *(a)* of the 1st section of this act. The argument is, indeed, made in behalf of the Commonwealth that the power of appointment given to Mary by her father's will and exercised by her is property of which she was seised and possessed in her lifetime and which she transferred by her will. The mere statement of the proposition is its own refutation. A power of appointment is not property within the meaning of the act, and its exercise is not a transfer of the power. The power is not transferred; it is the property which is the subject of the power that is in question, and, besides this, powers of appointment are separately dealt with in clause *(d)* of the same section. It may be noted that this latter clause, as printed in the Pamphlet Laws, uses the words "an estate in expectancy of any kind or character which is contingent or defeasibly transferred by an instrument taking effect after the passage of this act;" while the enrolled act, as we are informed, reads "an estate in expectancy of any kind or character which is contingent or defeasible transferred by an instrument," etc.; but the difference is immaterial, so far as this case is concerned, for the argument of the Commonwealth rests upon the construction of the final paragraph, so that the pertinent provision of the entire section reads: "That a tax . . . is hereby imposed upon the transfer of any property . . . when any person or corporation comes into the possession or enjoyment by a transfer from a resident decedent . . . of any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act."

Upon general principles, it would clearly appear that the property passing in this case is not the estate of the donee of the power, but that of the donor, who died in 1878, and the donee was simply the conduit or instrument by which the beneficiaries of the donor were designated: Com. *v.* Williams's Exec'rs, 13 Pa. 29; and even when the donee makes the appointed estate liable for his own debts, his creditors take as appointees: Com. *v.* Duffield, 12 Pa. 277. The principle of these cases has been reasserted in many other decisions, to which it is not necessary to refer. The only question, therefore, is whether the Act of 1919 makes any change in the law in this respect. As we have shown, the only clause having any possible application is clause *(d)* of section 1, and regarding this it is sufficient to say that the power of appointment in this case was contained in the will of Thomas Harris Powers, which took effect in

2 D. & C.

Powers's Estate.

1878. It would, therefore, seem that the legislature had no intention—certainly none is expressed—to subject appointed estates to taxation, when merely the power of appointment was exercised by an instrument taking effect after the passage of the act. The argument that the legislature intended something else would carry the power of the courts, in construing a statute, far beyond any reasonable limits. We have no power to strain the letter of the statute in order to give effect to some alleged legislative intent not clearly sustained by convincing evidence, either within or without the act. As it was said in Pittsburgh v. Kalchthaler, 114 Pa. 547: "Such a practice is really substituting the theories of a court, which may, and often do, vary with the personality of the individuals who compose it, in place of the express words of the law as enacted by the law-making power. It is a practice to be avoided and not followed." And it further seems to us that this principle applies especially to laws imposing taxation which should be construed strictly against the State.

The learned counsel of the Commonwealth referred in his argument to the recent decision of the Supreme Court in the Estate of Flora J. Kirkpatrick, not yet reported. The facts of that case, however, and the question decided by the court are so radically different from those involved in the present case that we do not consider that it has any relevance.

The exceptions are dismissed and the adjudication is confirmed absolutely.