## Commonwealth v. Taylor et al.

*Taxation—Construction of statutes—Decedents' estates—Inheritance tax—Transfer of property—Trust estate—Power of appointment—Act of June 20, 1919.*

1. In determining the right of the Commonwealth to collect taxes where the question is involved in doubt, the doubt should be resolved in favor of the taxpayer. The reason for the rule is that the taxpayer cannot be specially burdened without clear warrant of law.

2. The Act of June 20, 1919, P. L. 521, provides for the imposition and collection of certain taxes upon the transfer of property passing from a decedent. The tax is not a tax on property, but upon the right of succession or the privilege of receiving at death property possessed by the decedent.

3. The use of the word "passing" discloses a legislative intent that the act should operate prospectively and not retrospectively. The use of the present tense of the verb makes it impossible to apply the act to estates which passed by will or otherwise before the passage of the act.

4. A, a resident of New York, died testate in 1882, leaving his estate in five equal shares, in trust for the benefit of his children. This proceeding is an appeal from an appraisement of the Auditor General for the purpose of ascertaining the tax upon one of those shares upon the death of B, one of A's sons, who was at the time of his death a resident of Rhode Island. By A's will B's share of his estate was placed in trust until B's death, and to be conveyed, paid and assigned upon B's death to his issue, in such proportions and at such times as B should designate, or, in case of his failure to appoint, then to such issue absolutely: *Held*, the share was never in B, nor in his possession; it did not pass from him, but was transferred and passed by the will of A before the passage of the act, and the Commonwealth was not entitled to the tax claimed.

Appeal from appraisement of the Auditor General. C. P. Dauphin Co., Commonwealth Docket, 1922, No. 21.

*George E. Alter*, Attorney-General, and *George Ross Hull*, Deputy Attorney-General, for plaintiff.

*Cadwalader, Wickersham & Taft; Saul, Ewing, Remick & Saul; Spencer Gilbert Nauman* and *Jesse E. B. Cunningham*, for defendants.

Fox, J., Dec. 18, 1922.—This is an appeal from an appraisement of the Auditor General for the purpose of ascertaining the amount of taxes upon the transfer of property passing from a decedent who was a non-resident of the Commonwealth at the time of his death.

3 D. & C.

The facts, which have been agreed upon, we find to be as follows:

1. That Moses Taylor died May 23, 1882, a resident of the City and State of New York, leaving a will dated Jan. 26, 1881, a copy of which is annexed hereto.

2. That letters testamentary were duly granted unto the executors named therein, to wit, Catharine A. Taylor, Percy R. Pyne, Moses Taylor Pyne and Lawrence Turnure.

3. That the said Moses Taylor was survived by all of his five children named in his will, to wit, Albertina S. Pyne, Catharine Winthrop, Mary Lewis, George C. Taylor and Henry A. C. Taylor.

4. That in due course the entire residuary estate of the said Moses Taylor was divided into five equal parts or shares, one of which parts or shares was held by his executors and trustees in trust for each of his five children.

5. That the assets as set forth on pages 19 to 24 of the list attached to Schedule "B" of the affidavit filed with the Auditor General by the executors of the estate of Henry A. C. Taylor represent the securities set apart and held in trust by the trustees of the estate of Moses Taylor for the benefit of his son, Henry A. C. Taylor.

6. That Albertina S. Pyne died Sept. 27, 1900, leaving issue her surviving. Mary Lewis died March 14, 1907, leaving issue her surviving. George C. Taylor died Dec. 17, 1917, without issue. Henry A. C. Taylor died May 28, 1921, leaving to survive him three children, to wit, Harriet R. Gherardesca, Henry R. Taylor and Moses Taylor, and no issue of deceased children. Catharine Winthrop is still living.

7. Henry A. C. Taylor died, as aforesaid, on May 28, 1921, a resident of South Portsmouth, Rhode Island, leaving a will dated June 12, 1919, a copy of which is annexed hereto.

8. That letters testamentary were duly issued to Henry R. Taylor, Moses Taylor and Edward J. Hancy, the executors named therein.

9. That prior to April 27, 1922, the said executors executed and filed with the Auditor General of the State of Pennsylvania their affidavit relating to the matter of the transfer inheritance tax upon the estate of Henry A. C. Taylor.

10. That included in the said affidavit and schedules thereto annexed as part of the estate of Moses Taylor, held in trust for the said Henry A. C. Taylor, were listed: 14,168 shares of the common stock of the Delaware, Lackawanna & Western Railroad Company; 781 shares of the common stock of the Pennsylvania Railroad Company; 1200 shares of the common stock of the Lehigh Valley Railroad Company.

11. That the Auditor General on April 27, 1922, appraised for taxation the list of Pennsylvania corporation stocks of the estate of Henry A. C. Taylor and assessed the tax thereon at $39,435.33.

12. That the said Auditor General included in the said appraisement a one-third interest in the shares of stock above set forth belonging to the estate of Moses Taylor, held in trust for Henry A. C. Taylor, to the amount of $1,125,570.34.

13. That on or about May 21, 1922, the executors of the estate of Henry A. C. Taylor paid to the Commonwealth the sum of $16,923.94, being the transfer inheritance tax on the appraised value of Pennsylvania corporation stocks belonging to the individual estate of the said Henry A. C. Taylor.

14. That the balance of the said assessment, to wit, $22,511.39, being tax at 2 per cent. on the above appraisement of a one-third interest on the stock held in trust as aforesaid under the will of Moses Taylor, has not been paid.

15. That the present appeal was taken from the imposition of the said tax.

In addition to these facts agreed upon and found, we find that Henry R. Taylor, Moses Taylor and Harriet R. Gherardesca were children of Henry A. C. Taylor *in esse* before the passage of the act in question. (This is found from the will of Henry A. C. Taylor.)

The Act of June 20, 1919, P. L. 521, is an act providing for the "imposition and collection of certain taxes upon the transfer of property passing from a decedent who was a resident of this Commonwealth at the time of his death, and of property within this Commonwealth of a decedent who was a non-resident of the Commonwealth at the time of his death, and making it unlawful for any corporation of this Commonwealth, or national banking association located therein, to transfer the stock of such corporation or banking association, standing in the name of any such decedent, until the tax on the transfer thereof has been paid, and providing penalties, and citing certain acts for repeal."

The parts of section 1 of the act as contended by the Commonwealth as being applicable in this case are clause *(b)* and clause *(d)*, which read as follows:

"*(b)* When the transfer is by will or intestate laws of real property within this Commonwealth, or of goods, wares or merchandise within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, and the decedent was a non-resident of the Commonwealth at the time of his death.

"*(d)* When any person or corporation comes into the possession or enjoyment by a transfer from a resident or non-resident decedent, when such non-resident decedent's property consists of real property within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, of an estate in expectancy of any kind or character which is contingent or defeasibly transferred by an instrument taking effect after the passage of this act, or of any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act."

By grammatical rule and the legislative intent in the last line of *(d)*, the participle, "taking effect," is descriptive of the word "instrument."

Thirty-seven years before the passage of the act of assembly which we are now called upon to construe, Moses Taylor, a resident of the State of New York, died testate, and by his last will and testament, which was duly probated, provided in the fifth paragraph thereof as follows:

"Secondly, that they divide such real and personal estate, or the proceeds thereof, into five equal parts or shares, and designate, hold and invest one such share for each of my children, Albertina A. Pyne, Catharine Winthrop, Mary Lewis, George C. Taylor and Henry A. C. Taylor; that my executors and trustees collect and receive and pay or apply the rents, interest and income arising from the shares set apart for each child to his or her use during his or her life.

"Thirdly, that if any of my children should die in my lifetime, that my executors and trustees convey, pay and assign absolutely to the issue of the one so deceased the part or share his, her or their parent would have taken if living.

"Fourthly, that upon the death of my children, and as they severally die, that my executors and trustees convey, pay and assign to the issue of such child the part or share held in trust for him or her in such proportions and

3 D. & C.

at such time or times as he or she shall direct and appoint in and by his or her last will and testament, and in case of failure to make such appointment, then to such issue absolutely.

"Fifthly, that if any of my children shall die without issue, my executors and trustees convey, pay and assign the shares of the one so dying to my surviving children and to the issue of such of my children who may have died, such issue to take by representation the part or share his, her or their parent would have taken if living."

We have to do here with the share held for and known as the share of Henry A. C. Taylor, one of the sons, who, under the will of Moses Taylor as to this share, was a donee of a power of appointment, who was a resident of the State of Rhode Island, died on May 28, 1921, and who exercised the power of appointment vested in him by the will of his father.

The executors of the last will and testament of Henry A. C. Taylor filed with the Auditor General of the State of Pennsylvania an affidavit relating to the transfer inheritance tax upon the estate of Henry A. C. Taylor, and included in said affidavit and schedule thereto annexed a part of the estate of Moses Taylor held in trust for the said Henry A. C. Taylor, in which schedule were shares of stock of Pennsylvania corporations, being the property now in question, which the Auditor General on April 27, 1922, appraised for taxes to the amount of $1,125,570.34, and assessed taxes thereon at the rate of 2 per cent., the tax amounting to $22,511.39, from the imposition of which tax this appeal has been taken.

The question for determination is, is the Commonwealth entitled to any tax under this act upon the transfer and passing or the right of succession of the estate held in trust by the will of Moses Taylor for the benefit of Henry A. C. Taylor during the life of the latter, and then over to the issue of Henry A. C. Taylor, under the will of either Moses Taylor or Henry A. C. Taylor?

In determining this, we must bear in mind the well established rule: "That where the question is involved in doubt, the doubt should be resolved in favor of the taxpayer." The reason for which rule is that the taxpayer cannot be specially burdened without clear warrant of law.

We also bear in mind that the Supreme Court, in the case of the Estate of Flora C. Kirkpatrick, No. 107, October Term, 1922, and decided June 24, 1922 [275 Pa. 271], said that this act does "not impose a tax on property, but requires payment to be made from the estate of the decedent for the right of succession or the privilege of receiving at death the property *possessed by the decedent*, and that the sovereign authority that gives the right may demand payment for the gift."

The title of the act provides "for the imposition and collection of certain taxes upon the *transfer* of property *passing* from a decedent, etc." Section 1 provides that the tax shall be imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, in the following clauses:

"(b) When the transfer is by will or by the intestate laws of real property within this Commonwealth, . . . shares of stock of corporations of this Commonwealth, . . . the decedent was a non-resident of the Commonwealth at the time of his death.

"(d) When any person or corporation comes into the possession or enjoyment by a transfer from a resident or non-resident decedent, when such non-resident decedent's property consists of real property within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of

national banking associations located in this Commonwealth, of an estate in expectancy of any kind or character which is contingent or defeasibly transferred by an instrument taking effect after the passage of this act, or of any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act."

(We think the word "defeasibly" is an error and was meant to be defeasible, but it matters not in this case.)

The title of the act provides for the imposition and collection of certain taxes upon the transfer of property passing from a decedent. We think the word passing discloses that the act was intended to operate prospectively and not retrospectively, and the whole act will be construed accordingly. The act relates to the transfer and passing of property from a decedent after the passage of the act. The act does not define the words transfer and passing; they must, therefore, be given their ordinary meaning. The word transfer, as defined by Bouvier, means: "The act by which the owner of a thing delivers it to another person with the intent of passing the rights which he has in it to the latter." The present tense is used in the verb pass, and, therefore, the act cannot be retroactive and does not apply to estates that were transferred or which passed by will or otherwise before the passage of the act.

Clause *(b)*, consequently, refers to a transfer after the passage of the act.

Clause *(d)* we construe to apply to the case of persons coming into possession or enjoyment of an estate from a non-resident in expectancy, which is contingent or defeasible, transferred by an instrument taking effect after the passage of the act or upon a transfer of any property pursuant to a power of appointment contained in any instrument, the latter taking effect after the passage of the act.

In the case of Carter *v.* Bugbee, 91 N. J. L. 438, 441, the court, in passing upon a question of taxation under the statute of that state similar to our act, imposing a transfer tax upon property passing to lineal descendants, said: "A will takes effect at the death of the testator, and all estates which it creates then become fixed and subject to such taxes as are then imposable by law, and the rights of the legatees thereunder have a status not to be altered for the purpose of taxation, but are subjected to any change in the law made after the execution of the will and before the testator's death, &c."

Did this estate pass by the will of Moses Taylor or by the will of his son Henry? If by the will of Moses Taylor, it is not taxable, for then the transfer and passing were before the passage of the act and were subject to such taxes only as were at the time of his death imposable by law; if under the will of Henry A. C. Taylor, it was transferred and passed by an instrument which took effect after the passage of the act, and is taxable.

By the will of Moses Taylor, the property was placed in the hands of trustees until the death of Henry A. C. Taylor, the latter to have the benefit of it during his life, and to him was given a special limited power of appointment. Moses Taylor had designated the class, to wit, the issue of Henry A. C. Taylor, to whom the executors and trustees should "convey, pay and assign" the share held in trust upon the death of Henry A. C. Taylor, "but in such proportions and at such time or times as he (Henry A. C. Taylor) shall direct and appoint by his last will and testament, and in case of failure to make such appointment, then to such issue absolutely." Under the power given to him, Henry A. C. Taylor could by his will exclude none of his issue: Horwitz *v.* Norris, 49 Pa. 213; Wickersham *v.* Savage, 58 Pa. 365; Russell *v.* Kennedy, 66 Pa. 248; Neilson's Estate, 17 W. N. C. 158, 326; 31 Cyc., 1066.

3 D. & C.

Commonwealth *v.* Taylor et al.

At the time of the death of Henry A. C. Taylor, he left three children, and there was no issue of any deceased child; he could determine the proportion of the estate of each of his children and the time of conveyance, payment or assignment thereof, and nothing more.

Long ago the rule was well founded in the law that title is derived from the act granting the power. In 4 Kent's Commentaries, 338, Chancellor Kent says: "An estate created by the execution of a power takes effect in the same manner as if it had been created by the deed which raised the power. The party who takes under the execution of a power takes under the authority and under the grantor of the power, whether it applied to real or personal property, in like manner as if the power and the instrument creating the power had been incorporated in one instrument."

The courts of this State have followed this doctrine and have laid down the rule: "That those who take under a power of appointment take as if their names were in the grant of the power:" Com. *v.* Duffield, 12 Pa. 277; Com. *v.* Williams's Executors, 13 Pa. 29; Pepper's Appeal, 120 Pa. 235; Huddy's Estate, 236 Pa. 276; Swaby's Appeal, 14 W. N. C. 553. But in this case they did not even take under a power of appointment. By the will of Moses Taylor, his son had no power to name the remaindermen; the father did that and named the issue of Henry as such. Henry, by the power given to him, fixed the proportionate shares, and nothing else. The share was never in Henry A. C. Taylor, nor in his possession; it did not pass from him as the decedent; it was transferred and passed, not by the will of the latter, but by the will of Moses Taylor, through trustees, to the issue of Henry, and in which will there was no power of appointment to Henry to pass the estate. The will of Moses Taylor took effect long before the passage of the act, and, therefore, such transfer and passing is not within the contemplation of the act. It may be that the legislature could have made the act apply to a contingent or defeasible estate passing after the passage of the act by an instrument taking effect before the passage of the act, but it did not do so, but in clear language confined its operation to instruments taking effect after the passage of the act. When this property was transferred and passed, it was from the decedent, Moses Taylor. It may have been either a vested or a contingent remainder, but we think it is immaterial whether it was vested or contingent. Had it been a vested estate, of course, that would have without doubt excluded it from liability to tax under this act, because its transfer, passing and succession would then have occurred before the passage of the act. In the act, the transfer and passing (or succession) relate to property possessed by the decedent: Estate of Flora Kirkpatrick, *supra.* The decedent, Henry A. C. Taylor, does not fill such description, because the property was never his, nor did he ever possess it.

The Commonwealth predicates much on the opinion of Lord Chancellor Hardwicke in the case of Marlborough *v.* Godolphin, 2 Vesey, Sr., Reps. 60, in which, *inter alia,* he says: "I admit the principle that where a person takes by execution of a power, whether of realty or personalty, it is taken under the authority of the power, but not from the time of the creation of that power. . . . This, therefore, is not a relation so as to make things vest from the time of the power, but according to the time of that act executing that power." Be this the law or not, in that case the power of appointment was a general one; the language of the will was: "That after her (his wife's) decease, the estate should be divided and distributed to and among *such of his children,* and in such manner and proportion, as she by any deed or will, or instrument of writing in the nature of a will, should direct and appoint."

Commonwealth v. Taylor et al.

But here, as we have said, by the will of Moses Taylor the power is limited to that of appointment and the time of payment and does not extend to the nomination of beneficiaries.

We conclude that the children of Henry A. C. Taylor took under the will of Moses Taylor, and, therefore, that the Commonwealth is not entitled to the tax claimed.

Wherefore, judgment is directed to be entered in favor of the appellant.

From William Jenkins Wilcox, Harrisburg, Pa.