## Cassatt's Trust.

*Taxation — Inheritance tax — Deed — Trusts and trustees — Power of appointment—Act of June 20, 1919.*

Where a deed, executed in 1897 by parents to a trustee for the benefit of children for life, gives to the children a power of appointment by will, and a son, who died in 1922, exercises such power in favor of his wife who survives him, the share passing to the wife goes under the deed of trust and not under the will of her husband, and is not liable to the inheritance tax imposed by the Act of June 20, 1919, P. L. 521.

Exceptions to trustee's account. C. P. No. 5, Phila. Co., March T., 1922, No. 7603.

*Charles W. Schofield*, for Commonwealth, exceptant.

*Francis B. Biddle*, contra.

PER CURIAM, April 19, 1923.—Alexander J. Cassatt and Lois B. Cassatt, his wife, on Sept. 1, 1897, executed a deed to the Philadelphia Trust Company, conveying and assigning certain property to be held in trust to pay the income to their three children, and upon the death of a child who attained the age of twenty-one years, to hold an equal share of the trust estate for such person as the child should appoint by will.

Edward B. Cassatt, a son of the settlors, died Jan. 31, 1922, leaving a will, in which he exercised the power of appointment in favor of his wife, who survived him. An account of this share having been filed by the trustee and duly advertised, exceptions were presented on behalf of the Commonwealth, claiming that inheritance transfer tax is payable under the terms of the Act of

3 D. & C.

June 20, 1919, P. L. 521, which provides for payment of the tax when any person comes into possession or enjoyment of property by a transfer from a decedent "by an instrument taking effect after the passage of this act, or of any property transferred pursuant to a power of appointment taking effect after the passage of this act."

There was no transfer of the property, now the subject of account, made by the will of Edward B. Cassatt. He had but a life estate, with power of appointment which authorized him to nominate the appointee to take the estate transferred by the deed of trust made by his father and mother in 1897. The property is transferred to the widow of Edward B. Cassatt pursuant to the deed of trust creating the power, and not pursuant to the will of her husband, which transferred no property in this estate, but only designated the beneficiary to take the estate under the terms of the deed of trust.

The power of appointment is contained in and conferred by the deed of trust. There is no power of appointment in the will of Edward B. Cassatt. By his will he exercised the power conferred by the deed, which authorized him to nominate the beneficiary who would take the estate transferred by the deed of trust.

As the widow did not come into possession by a transfer from a decedent by an instrument taking effect after the passage of the act, and as the power of appointment, pursuant to which the property was transferred to her, is not contained in any instrument taking effect after the passage of the act, there is no tax due.

And now, to wit, April 19, 1923, the exceptions are dismissed and the account is confirmed.