## Rowland's Estate

[redacted]

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extract from the adjudication of

SINKLER, J., Auditing Judge.—Harvey Rowland, Jr., died December 10, 1906. His residuary estate is devised in trust to his executor, the income being payable to his wife, Emily Kingsbury Rowland (afterwards Rittenhouse) for life. Upon her death the trustee is directed to distribute the entire corpus of the trust estate to such person or persons, for such estates and upon such trusts as his wife may by her last will direct, limit and appoint. Under the terms of his will, his wife had the income of the residuary estate for life, with a general or unlimited power of appointment of the principal after her death.

Emily Kingsbury Rowland (afterwards Rittenhouse) survived her husband and died July 21, 1931. By her will and codicils she specifically exercised in full the power of appointment over the principal of the trust estate by a separate item of her will. She did not mingle or attempt to mingle the appointive estate with her own estate, but directed the trustee of the testator's estate to distribute the principal of the trust among named appointees. These included Frank Hansell, a nephew of Harvey Rowland, Jr., who died July 25, 1929, survived by his wife, Minnie B. Hansell, to whom letters testamentary upon his estate were granted, and survived also by two children.

Another appointee is Charles A. Kingsbury, a brother of Emily K. Rowland (Rittenhouse). He died July 28, 1930, survived by two daughters and a granddaughter, being the child of a deceased son.

Neither the testator nor his wife, Emily Kingsbury Rowland (Rittenhouse) left issue surviving.

In behalf of the trustees of the appointed residuary estate of Harvey Rowland, Jr., it is contended that both the legacies lapsed; that the "saving acts"—the Act of July 12, 1897, P. L. 256, and the Wills Act of June 7, 1917, P. L. 403, Sec. 15 (b)—do not apply to either of the two legacies in question.

Mr. Remick, in behalf of the executrix of the estate of Frank Hansell, deceased, and of his two children, cites Com. v. Duffield, 12 Pa. 277, Com. v. Williams's Exec'rs, 13 Pa. 29, Kates's Estate, 282 Pa. 417, and Powers's Estate, 2 D. & C. 461, as establishing that the appointee derives the title immediately from the donor of the power, not under but paramount to the appointor by whom the power was executed, and that the estate to be distributed is that of the donor of the power and not of the donee. He then contends that the question is to be determined as though the testator had devised his residuary estate in trust to pay over the income to his wife for life, and upon her death, among

others, to his nephew, Frank Hansell, the sum of $3000. This, he argues, would vest the legacy in Frank Hansell, the time of payment only being postponed until after the death of the life tenant, and the executrix of his estate is entitled to payment. Failing to sustain this contention, he argues that under section 15 (b) of the Wills Act of 1917 the legacy to Frank Hansell will be preserved for the benefit of his children.

Mr. Pepper, representing the two children and granddaughter of Charles A. Kingsbury, relies upon the decision of Penrose, J., in Lyndall's Estate, 2 Dist. R. 476. This distinguished jurist construed the Act of May 6, 1844, P. L. 564, which, like the Wills Act of 1917, provides that no "legacy hereafter made in favor of a brother or sister, or the children of a deceased brother or sister of any testator, such testator not leaving any lineal descendants, shall be deemed or held to lapse, or become void by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator," etc. Mrs. Lyndall, Judge Penrose held, disposed of her estate made subject to her power of appointment by the will of her daughter, the original testatrix, as if it were her own. One of the eleven persons to whom she gave the residue was a niece of the donee of the power who (apparently) died leaving issue, two daughters, after the original testatrix but before the donee of the power. Judge Penrose holds that the share of this niece was preserved under the Act of 1844 to the two daughters.

Mr. McMorris, representing the trustees, cites Coffin's Estate, 4 Dist. R. 93, which holds that where the appointee survives the original testator but dies before the donee of the power, the saving acts do not apply, and under this decision the bequest to Frank Hansell fails.

As to the Kingsbury bequest, he argues that the estate to be distributed is that of the original testator, that Kingsbury was a brother of the donee of the power, not of the original testator, and that this bequest likewise fails.

The auditing judge has, therefore, to determine the question upon the weight of the two theories of law which are apparently irreconcilable—the one that the estate is that of the original testator, and the second, as in Lyndall's Estate, supra, that where the donee of the power exercises the appointment in such a way as to make the estate her own, then a bequest to a niece of the donee of the power is saved by the act of assembly. While the auditing judge inclines toward the principle of law enunciated in Com. v. Duffield, supra, and Com. v. Williams's Exec'rs, supra, to wit, that the estate to be distributed remains that of the original testator, the trend of the later decisions seems contrary to this principle. See, for example, Lyon et al. v. Alexander, 304 Pa. 288.

Under the decision of Judge Penrose in Lyndall's Estate, supra, the legacy in favor of Charles A. Kingsbury does not lapse but is preserved, under the Act of 1917, for his two daughters, Carrie H. Kingsbury and Helen K. Tissot, and his granddaughter, Juliet Kingsbury.

If the estate is considered as that of the testator, the legacy to Frank R. Hansell lapses because he died after and not during the lifetime of the testator. If the estate is considered that of the donee of the power, the legacy fails because the legatee was not related to the donee in the degree prescribed by the act of assembly. The auditing judge does not sustain the other contention made in behalf of Frank R. Hansell's estate, to wit, that he had a vested remainder in the legacy subject to the life estate of Mrs. Rittenhouse.

After the case had been originally argued before me and briefs had been submitted, it was desired that a further argument be had by reason of the decision in Warne's Estate, 14 D. & C. 105, affirmed in 302 Pa. 386. The will of Theodore V. Warne devised his estate to his mother, Emma, and to his brother, William,

Jr. This devise, Judge Gest finds, was, under the act of assembly, an execution of a general power of appointment given him by the will of the testator, his father. Judge Gest continues: "But it cannot be doubted that the deaths of both Emma and William, Jr., before the death of Theodore, rendered his appointment in their favor ineffective, and the estate should, therefore, go as in default of appointment."

The briefs of argument filed by Mr. Remick and Mr. Pepper at the reargument have convinced me that the decision in Warne's Estate, supra, is not applicable in the present case, for the reason that in the Warne estate neither the mother nor the brother of Theodore left any issue them surviving. It is also pointed out that this question was not brought before either the court in banc or the Supreme Court on appeal.

*Raymond M. Remick*, for exceptants; *Howard McMorris*, contra.

Gest, J., November 4, 1932.—Harvey Rowland, Jr., died on December 10, 1906, without issue, leaving a will dated July 7, 1906, by which he devised his residuary estate to his executor in trust to pay the income to his wife, Emily, afterwards Rittenhouse, for life, with a general power of testamentary appointment.

Emily Rittenhouse died July 21, 1931, without issue, leaving a will dated June 30, 1927, by which she specifically exercised her power of appointment, and, inter alia, directed the payment of $3000 to Frank R. Hansell, a nephew of her deceased husband, Harvey Rowland, Jr. (being the son of Frank Hansell, a brother of Harvey Rowland, Jr., who died October 30, 1916). Frank R. Hansell, the son, died July 25, 1929, before Emily Rittenhouse, leaving a widow, Minnie Hansell, who is executrix of his estate, and two children, Standish F. Hansell and Katharine H. Biddle.

The legacy of $3000 was at the audit claimed by Minnie Hansell, executrix of Frank Hansell, and in the alternative, by his two children, Standish F. Hansell and Katharine H. Biddle. These claims were dismissed by the auditing judge, who held that the $3000 legacy lapsed and fell into the residuary devise in the will of Emily Rittenhouse, who, in the exercise of her power of appointment, bequeathed the residue of the estate, over which she possessed the power of appointment, to a trustee in trust for certain purposes.

It was claimed in behalf of the executrix of Frank R. Hansell that the gift to him was vested because the will of the donee of the power is merely a conduit to carry out the provisions of the will of the donor, and the case is as though the donor, Harvey Rowland, Jr., had by his will devised his residuary estate in trust for Emily Rittenhouse for life and, her will being as it were incorporated in his, provided that upon her death, "I give and bequeath unto my nephew, Frank R. Hansell, the sum of $3000." Reliance is placed upon Com. *v.* Duffield, 12 Pa. 277, Com. *v.* Williams's Exec'rs, 13 Pa. 29, and other cases, including our own decision in Powers's Estate, 2 D. & C. 461, where we said: "Upon general principles, it would clearly appear that the property passing in this case is not the estate of the donee of the power, but that of the donor . . . and the donee was simply the conduit or instrument by which the beneficiaries of the donor were designated." There is no doubt of the correctness of this principle, but with equal clearness it appears that the general rule relating to lapses is applicable whether the legacy be given under the will of the donor or whether it be given under the will of the donee by virtue of the power of appointment, and if the appointee die before the donee of the power, the legacy will lapse: Roper on Legacies, 494; Farwell on Powers (2nd ed.) 236; 1 Jarman on Wills (7th ed.) 404. We, therefore, hold that the legacy to Frank R. Hansell was not

vested in him and must lapse, unless the lapse is prevented for other reasons. On this branch of the case it is contended that the legacy is preserved for the children of Frank R. Hansell, and Lyndall's Estate, 2 Dist. R. 476, is relied upon. The facts in that case were unusual. The original testatrix, Jane Lyndall, disposed of her estate in her will, and by a codicil provided: "Above all other wills previously made I give all my property, personal and real estate, to my mother, Philapeen Lyndall, having a right to make another will; if she does not, the first will will stand approved." Philapeen, who died without issue, made a will in which she made no distinction between her own estate and that of her daughter, Jane, and gave the residuary estate to several legatees, including her niece, Mary A. Wright, who died in the lifetime of Philapeen, leaving two children, and Penrose, J., held that they were entitled, inasmuch as the Act of May 6, 1844, P. L. 564 (by which the wills in question were governed), saved the legacy from lapse. This was because the will of the donee made no distinction between the appointed estate and her own; and attention was called to the language of the gift by Jane to her mother, Philapeen, as, standing by itself, being equivalent to absolute ownership; and it was further said that the hardship designed to be remedied by the acts preventing lapse to children, brothers and sisters or their issue in case of death in the lifetime of the testator, is precisely the same whether the property is disposed of under a general power or by an ordinary will. But in the present case the appointment in the will of the donee, Emily Rittenhouse, is not to her nephew but to the nephew of her deceased husband, and, consequently, neither the Act of 1844, the Act of July 12, 1897, P. L. 256, nor the Wills Act of June 7, 1917, P. L. 403, Sec. 15 (b), can apply to this case. So far as the facts in Coffin's Estate, 4 Dist. R. 93, are similar to the present case, that decision is confirmatory of this view.

As we agree with the conclusions of the auditing judge, all the exceptions are dismissed and the adjudication is confirmed absolutely.