Good Estate.

Argued April 23, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, and O'BRIEN, JJ.

*Ralph S. Snyder,* Deputy Attorney General, with him *Edward J. Ozorowski,* Special Assistant Attorney

General, and *David Stahl,* Attorney General, for Commonwealth, appellant.

*David H. W. Dohan* and *Paul C. Wagner,* with them *Stanley B. Cooper,* and *Waters, Fleer, Cooper & Gallagher,* and *Pepper, Hamilton & Sheetz,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1962:

The Commonwealth took this appeal from the Decree of the Orphans' Court which held that certain assets were not subject to transfer inheritance tax.

S. Davis Walton died on September 6, 1910, a resident of Philadelphia County. He left his residuary estate in trust to pay an annuity to his wife, Agnes W. Walton, if she remained his widow, with the balance of income to his daughter, Dorothea, upon certain trusts not herein pertinent. He then provided: "If my wife, Agnes W. Walton, should not remain my widow, then upon her remarriage, the income of my estate shall be equally divided between my wife, . . . and my daughter, Dorothea Walton, for and during the term of their natural lives.*

"Upon and after the death of my said wife, it is my will that the income from my entire estate shall be given unto my daughter, Dorothea Walton, for . . . life, and upon her death, [in 1957] the same to be divided equally between her children who may be living at the time of her death, share and share alike, the issue of any deceased child taking their parent's share.

• • •

"If my daughter, Dorothea Walton, should die before my wife without leaving issue her surviving, then the whole income of my estate shall be given unto

---

* These estates are rather complicated, so we shall interpolate that Walton's widow married Good and died July 28, 1925; Walton's daughter died December 19, 1957, unmarried.

my wife for . . . life . . ., and upon the death of my said wife, . . . I order and direct my trustees to pay over the principal of my said estate to my sister, Jennie D. Walton, absolutely.

"If my said daughter, Dorothea Walton, should die before my wife, leaving issue her surviving, then such issue shall receive the same share of the income as would have been received by her mother had she been living."

Walton's widow, Agnes W. Walton, married J. William Good and died in 1925, a resident of Montgomery County. She left a trust estate which is still in existence. Walton's daughter Dorothea, a resident of Philadelphia County, died in 1957, unmarried and without issue. She disposed by will of all her residuary estate absolutely.

Upon the death of Walton's daughter Dorothea, the trustee of Walton's estate filed an account in the Orphans' Court of Philadelphia County. That Court in adjudicating the trustee's account said:*

"The trust has now terminated in whole by reason of the death of Dorothea W. Walton, last surviving life tenant, which occurred as aforesaid on December 19, 1957.

"No Pennsylvania Transfer Inheritance Tax has been paid on the estate, in that the testator died September 6, 1910 which was before the imposition of any tax on direct heirs or lineals, and in that testator *died intestate*** as to the remainder of his estate and those so entitled under the intestate laws were his wife and daughter. Such intestacy is clear since (1) the wife predeceased the daughter, (2) the daughter died without issue, and (3) the only remainder interest [which was] provided [for] in the will [was] for

---

* Opinion by Judge Lefever,. November 25, 1958.
** Italics throughout, ours.

testator's sister [and then only] . . . in the event the daughter died *before* the wife leaving no [surviving] issue and . . . in case the wife should be the sole remaining life tenant.

". . . Accordingly, the balance, . . . is awarded: one-third thereof to Fidelity-Philadelphia Trust Company, surviving *executor* of the will of Agnes W. Good, deceased, and two-thirds thereof to Fidelity-Philadelphia Trust Company and Dorcas R. Shrader, Executors of the will of Dorothea W. Walton, deceased."

The value of the property awarded to the executor of Walton's widow, Agnes W. Good, by the Adjudication of the Orphans' Court of Philadelphia County, was $209,846.10. The Commonwealth appraised this asset at that figure and assessed a tax thereon. The Commonwealth contends that Agnes W. Good died seized and possessed thereof, even though (a) she died in 1925 and (b) the intestacy arose only in 1957 and then only by virtue of the death of Walton's daughter, Dorothea, unmarried and without surviving children or issue. Judge Taxis, by Decree dated April 17, 1961, sustained the appeal of Agnes W. Good's trustee from such appraisement and assessment. The Commonwealth thereupon took the present appeal.

Appellant bases its claim to tax on certain parts of §1 of the Transfer Inheritance Tax Act of June 20, 1919, P.L. 521 (72 PS §2301) which was the inheritance tax statute in effect when Walton's widow, Agnes W. Good, died on July 28, 1925. The pertinent provisions of that section are as follows: "A tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases: (a) When the transfer is by will or by the intestate laws of this Commonwealth from any person *dying seized or possessed* of *the property* while a resident of the Common-

wealth, whether the property be situated within this Commonwealth or elsewhere.

. . .

"(d) When any person or corporation comes *into the possession or enjoyment* by a transfer . . ., of an estate in expectancy of any kind or character which is contingent or defeasibly transferred *by an instrument taking effect after the passage of this act,* . . ."

Whether subsection (a) of §1 of the Act of 1919, supra, authorizes the Commonwealth to impose this tax depends upon whether or not Walton's widow (Agnes W. Good) *"died seized or possessed"* in 1925 of a one-third interest in Walton's estate by virtue of the death in 1957 of Walton's daughter, Dorothea, unmarried and without surviving children or issue. To pose the question is to answer it. In the first place it is well settled that tax Statutes must be construed most strongly and strictly against the Government and any reasonable doubt must be resolved in favor of the taxpayer: *Commonwealth v. Allied Building Credits, Inc.,* 385 Pa. 370, 375, 123 A. 2d 686; *Gould v. Gould,* 245 U. S. 151, 153, 38 S. Ct. 53; *U. S. v. Merriam,* 263 U. S. 179, 188, 44 S. Ct. 69; *Commonwealth v. P. R. T. Co.,* 287 Pa. 190, 196, 134 A. 455.

The words "dying seized or possessed" mean *dying seized of a vested interest,* even though the actual enjoyment and possession thereof be postponed or arise in the future. *McGlensey's Estate,* 7 Pa. D. & C. 519 (per Judge JOHN MARSHALL GEST); *Starr's Estate,* 25 Dist. 55 (per Judge GEST); *Swann's Estate,* 1 Dist. 579; *Matthiessen's Estate,* 17 Dist. 201; *Gebhard's Estate,* 20 Dist. 529. See to the same effect, *Milliken's Estate,* 206 Pa. 149, 55 A. 853; *Mayer's Estate,* 330 Pa. 39, 198 A. 439; *Gelm's Estate,* 61 Pa. Superior Ct. 228. Anything to the contrary in *Moss's Estate,* 80 Pa. Superior Ct. 323 (which is relied upon by appellant) is hereby overruled.

Walton's widow did not die seized of a vested one-third interest in Walton's estate; on the contrary Walton's widow had at her death merely *a contingent interest in a possible future intestacy* in Walton's estate.

Although no additional authority is necessary, our decision is fortified by the Inheritance and Estate Tax Act of 1961 (Act No. 207) P. L. 373. This Act repealed the Act of 1919 supra and inter alia Section 1(a) and (d) of that Act. The new Act (which went into effect on the first day of January, 1962), provides in Section 211, "All transfers of property . . . by will or by the intestate laws of the Commonwealth, from a resident of this Commonwealth, are subject to tax under this act." This section eliminated the provision that in order for such transfer to be taxable the decedent must "die seized or possessed of the property". As the Court said in *Commonwealth v. Moon,* 383 Pa. 18, 117 A. 2d 96 (page 27) : "It is a canon of statutory construction that where words of a later statute differ from those of a previous one on the same subject, they presumably are intended to have a different construction: Fidelity Trust Company v. Kirk et al., 344 Pa. 455, 25 A. 2d 825; Panik v. Didra, 370 Pa. 488, 88 A. 2d 730; McFarland Estate, 377 Pa. 290, 296, 105 A. 2d 92."

The Commonwealth also contends that the tax can be validly imposed by virtue of subsection (d) of Section 1 of the Transfer Inheritance Act of 1919, supra. It provides: "(d) When any person or corporation comes *into the possession or enjoyment* by a transfer . . ., *of an estate in expectancy* of any kind or character which is contingent or defeasibly transferred *by an instrument taking effect after the passage of this act,* or of any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act . . . ." It is difficult to know exactly what is "an estate in expectancy". An

estate in expectancy is not a property right or a vested right, it is merely an estate which is expected or hoped for in futuro. In *Robbins's Estate,* 199 Pa. 500, 49 A. 233, this Court adopted the opinion of Judge ASHMAN of the Philadelphia Orphans' Court, who in turn based it on a decision by Justice GIBSON who (page 501) "described an expectancy as 'a bare hope of succession to the property of another such as may be entertained by an heir apparent.' Such a hope is inchoate, it has no attribute of property, is without appreciable value, and the interest to which it relates is non-existent and may never exist. A contingent interest, on the other hand, is an actual creation whose existence may be cut off by few or many contingencies but whose very existence gives it a possible value."

It is clear that subsection (d) is inapplicable because Walton's widow, Agnes W. Good, did not during her lifetime come into possession or enjoyment of this mere expectancy, and certainly she did not come into possession or enjoyment thereof "by an instrument taking effect after the passage of this act." The transfer from Walton to his widow Agnes 47 years after his death and 32 years after his widow's death, *took effect by intestacy,* or at best for the Commonwealth, by an instrument which took effect before, not after, the passage of the Act of 1919, to wit, Walton's will, which took effect in 1910. Accord: *Powers's Estate,* (per Judge GEST) 2 Pa. D. & C. 461; *Commonwealth v. Taylor,* 3 Pa. D. & C. 306; *Cassatt's Trust,* 3 Pa. D. & C. 340.

Decree affirmed; appellant to pay costs.