## Hampton Estate (No. 3)

*Richard L. Grossman*, for appellant.

*Fred J. Silverman*, for Commonwealth of Pennsylvania.

TAXIS, P. J., February 14, 1963.—This is an appeal by William C. Hampton, executor of the will of Florence B. Hampton, deceased, from the supplemental inheritance tax appraisement. The issues are (1) the timeliness of the supplemental appraisement, and (2) the taxability of the amount of decedent's funeral expense, less 2 percent thereof, as an asset of decedent's estate.

Decedent's husband, Howard Hampton, died on January 2, 1952. In his will, duly probated, he left his entire estate in trust, as follows:

". . . Everything I own to be turned into cash, and placed in trust for the benefit of my beloved wife Flor-

ence B. Hampton for life; she to receive the income and enough of the principle [sic] for a comfortable maintenance; at her death residue of the estate to be divided. . . ."

Florence B. Hampton died on June 9, 1958. Under the trust created by her husband and audited in this court on September 30, 1958, the trust principal was expended in payment of decedent's funeral bill and a tax at the rate of two percent was collected by the Commonwealth. Cf. Hampton Estate No. 1, 16 D & C 2d 761. By adjudication of this court in the widow's estate on May 9, 1959, it was determined that decedent's funeral expense was deductible in calculating the inheritance tax on her estate, despite its payment from her husband's testamentary estate. Cf. Hampton Estate (No. 2), 18 D & C 2d 132.

The original appraisement in this estate was filed on July 30, 1958. The supplemental appraisement, filed September 6, 1961, included as an asset of the estate the amount of the funeral expense, less the two percent tax thereon, which was collected by the Commonwealth from the estate of decedent's husband. This appeal, filed October 10, 1961, is taken from the supplemental appraisement.

The statute in effect at the death of Florence B. Hampton is the Act of June 20, 1919, P.L. 521, as amended, 72 PS §2301, et seq. By this statute a tax is imposed upon the transfer of property of which decedent died "seized or possessed."

The words "dying seized or possessed" mean *dying seized of a vested interest.* Good Estate, 407 Pa. 642, 646. Therefore, before the amount of the funeral expense can be considered taxable decedent must have died seized or possessed of the right to have her funeral expense paid from the assets of her husband's trust estate.

In James Estate, 80 Montg. 43, this court refused to compel a trustee under a trust for maintenance and support to pay the funeral expenses of the beneficiary. Controlling criteria included the absence of the word "care" in the provisions of the trust and the fact that the beneficiary left no estate of his own.

In the matter presently before the court, the trust provides for decedent's "comfortable maintenance," with no mention of the "care" of decedent. Furthermore, decedent has a net distributable estate in excess of $11,000. Accordingly, the trustee was not obliged to pay decedent's funeral expense and decedent's representative had no corresponding right to compel such payment. This court, therefore, holds that decedent did not die seized or possessed of the right to have her funeral expense paid from the assets of her husband's trust estate.

Nor is this result to be altered by the fact that the trustee in the proper exercise of its discretion made payment of decedent's funeral expenses out of the trust corpus. Cf. Hampton Estate, No. 1, 16 D. & C. 2d 761. To state that the trustee exercised its discretion is to state that payment of decedent's funeral expenses was subject to a contingency, which precludes seisin or possession within the meaning of the Act of 1919. Cf. 407 Pa. 642.

Even if meritorious, the supplementary appraisement is procedurally unsound in that it is untimely. The Act of June 24, 1939, P.L. 721, 72 PS §2384, provides that ". . . a supplemental appraisement made for the purpose of apraising assets that were revealed to the appraiser prior to the making of his original appraisement must be made within a period of one year from the date of the resident decedent's death. . . ."

This time limitation applies where the appraiser because of an error of judgment deliberately reached

with knowledge of all the facts, concludes that an alleged asset is not subject to transfer inheritance tax: Ramsay Estate, 342 Pa. 103, 106, 107.

In the case at hand, the supplemental appraisement was filed over three years after the original appraisement. The supplemental appraisement is, therefore, untimely unless the alleged asset of decedent's estate was not revealed to the appraiser prior to the original appraisement on July 30, 1958. The appellant points to evidence that the appraiser knew of the payment of the funeral expense from the trust. This, however, is not appellant's burden. On the contrary, it was incumbent upon the Commonwealth to establish that the appraiser did *not* have knowledge of the facts, that payment of decedent's funeral expenses from the assets of her husband's trust estate was *not* revealed to him, and that therefore the supplemental appraisement was in order. There being a presumption that an appraisement which has become legally fixed by the failure to appeal from it is in all respects regular and complete, the burden is cast upon the Commonwealth to show some later discovered concealment to warrant the filing of a second appraisement. This is peculiarly true where an extended period of time has elapsed between the filing of the first and the filing of the supplemental appraisements. It would be unfair, after such an interval, to impose upon the executor the task of proving that the omitted asset had been called to the attention of the appraiser: Ramsay Estate, supra.

In the light of this discussion I conclude that no transfer inheritance tax is due upon the alleged legacy which is the subject matter of the supplemental appraisement. Florence B. Hampton did not die seized or possessed of the alleged asset; in addition, the supplemental appraisement is untimely. Accordingly, the appeal is sustained.