# Dunglison's Estate.

*Wills—Power of appointment—Debts.*

An estate over which the donee of a power has exercised the right of appointment under a general power conferred upon him for that purpose, is not, after his death, liable for his debts.

Argued Jan. 15, 1902.    Appeal, No. 349, Jan. T., 1901, by the Real Estate Trust Company of Philadelphia, from decree of O. C. Phila. Co., April T., 1901, No. 70, dismissing exceptions to adjudication in Estate of Robley Dunglison, deceased. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Exceptions to adjudication.

PENROSE, J., filed the following adjudication :

The provisions of the will, and the facts with regard to the family and estate of the decedent are set forth in the report of the auditor, J. B. Roney, Esq., filed December 31, 1870, upon the account filed by his executors, William L. Dunglison and Richard J. Dunglison.    The will gave portions of the estate to the executors in trust for the children of the testator, for life, without liability for debts or engagements, and at their deaths to their children, etc., respectively, with powers of appointment by will executed in presence of two persons, as to the shares of the sons in the event of death without leaving issue ; the share of the daughter, in the event of her death without issue, being given to the sons, John R. Dunglison, William L. Dunglison, Richard J. Dunglison and Thomas R. Dunglison, absolutely.

The report of the auditor awarded securities there specified to the accountants in trust for the children of the testator, as follows: for William L. Dunglison's trust, composed as there stated, $31,577;  for Richard J. Dunglison's trust, $23,682.75 ; for John R. Dunglison's trust, $23,682.75 ; for Thomas R. Dunglison's trust, $23,682.75; and for Emma M. Browne's trust, $23,682.75.

William L. Dunglison and John R. Dunglison, as represented in the petition annexed, are dead, and their shares of the estate so held, as further represented, have been duly distributed.

Richard J. Dunglison, the surviving trustee, died as further represented, March 4, 1901, without issue, leaving a will, executed in presence of two witnesses, proved March 8, 1901, by which, in execution of the power contained in the father's will, he appointed the share held in trust for him to his wife, Violette Dunglison, to whom also he gave such estate as belonged to him in his own right, absolutely.

Emma M. Browne and Thomas R. Dunglison are still living, and the Real Estate Trust Company has been appointed trustee in place of the accountant, the deceased trustee.

The account which has been stated by the executors of the deceased trustee blends the three trusts. It shows a balance of principal, composed, as there stated, of $24,000; in addition to which are various pieces of real estate, purchased, it is said, under foreclosure of mortgages, amounting, as set forth in a supplemental statement, to $10,000, making in all $34,100 instead of $71,048.25, originally awarded by the auditor. The estate of the deceased trustee will be charged with the deficiency, $36,948.25.

The evidence also showed that there had been paid to the accountant by the firm of Lea Brothers, since 1892, $5,494.40, being royalties upon sales of Dunglison's Medical Dictionary, published by them, as to which the will provides that distribution shall be made among the children in the proportions in which the whole estate is to be divided.

There is no account of income, but it was stated that it had substantially been paid, and no further account was asked for.

A statement furnished by counsel for the accountants and hereto annexed sets forth that of the securities mentioned in the account and supplemental account, those earmarked or identified as belonging to the trust for Richard J. Dunglison amount to $8,700; to the trust for Thomas R. Dunglison, to $14,700; to the trust for Emma M. Browne to $8,900; and in the name of the trustee, generally, without indication of which trust, $1,800. It may, perhaps, be presumed that the trustee in misapplying securities used those over which he had a power of testamentary disposition, rather than those belonging exclusively to the other trusts, in the first instance; and the $1,800 last mentioned will, therefore, be added to those in the

name of Mrs. Browne, making the entire amount to be awarded to the new trustee for her $10,700.

The amount of deficiency as above, $36,948.25, will be charged against the estate of Richard J. Dunglison, as follows:

| To the trust for Thomas R. Dunglison . | . $ 8,982 75 |
| To the trust for Emma Browne . . . | 12,982 75 |
| To Violette Dunglison, appointee of R. J. Dunglison . . . . . . . . | 14,982 75 |
| | $36,948 25 |

The amount received from Lea Brothers as above, $5,494.40, will be distributed in accordance with the provisions of the will of the testator, the estate of the deceased trustee being charged with the payments.

Mr. Gendell asked that the share of Richard J. Dunglison, as to which he has so exercised his power of appointment, should be applied towards making up the deficit in the other shares, etc. But this, under Pennsylvania decisions, manifestly cannot be. A trust to protect from creditors is no less efficacious against the estate of the creator of the trust, even though arising from embezzlement by the cestui que trust in his capacity as trustee, than in any other case (Overman's Appeal, 7 Norris, 276), and the exercise of a general power of appointment does not, as in England, make the estate assets for payment of the debts of the appointor: King's Estate, 14 W. N. C. 77; Swaby's Appeal, 14 W. N. C. 553.

The general estate of Richard J. Dunglison will, of course, be liable to make good all loss to the estate of the testator; and this will include whatever may come to him under the trust for Mrs. Browne, if she should die without leaving issue; but that is not now before the court.

It was stated that Richard J. Dunglison left no estate whatever, from which even the expenses incident to the present account can be paid. Assuming this to be the fact, the cost of filing this account, $15.00; clerk's fees, $15.00, and fee to Francis J. Maneely, Esq., $150, will be paid, eight thirty-fourths by Mrs. Violette Dunglison, twelve thirty-fourths by the trust for Emma M. Browne, and fourteen thirty-fourths by the trust for Thomas R. Dunglison.

1902.]        Assignment of Error—Opinion of the Court.

*Error assigned* was in dismissing exception to adjudication.

*J. Howard Gendell,* for appellant.

*R. O. Moon,* for appellee.

PER CURIAM, February 24, 1902:·

The decree in this case is affirmed on Judge PENROSE'S opinion.

---

## Williams *v.* Brice, Appellant.

*Will—Devise—After acquired real estate.*

Where a testator devises to his sister all the residue of his real estate described as a one-sixth interest in real estate "inherited from his father," and after the execution of his will he acquires by inheritance and purchase from his brothers additional interests, so that at the time of his death he owns a one-fifth undivided interest in the real estate which had belonged to his father, the whole undivided one-fifth interest passes to the sister under the testator's will.

Argued Jan. 15, 1902.   Appeal, No. 351, Jan. T., 1901, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1901, No. 354, for plaintiff on case stated in suit of Mary C. Williams v. Philip H. Brice.   Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Case stated to determine the title to real estate.

From the record it appeared that Mary C. Williams contracted to sell to Philip H. Brice for the consideration of $175,000, an undivided two-fifths interest in certain real estate in Allegheny county, Pennsylvania.   The defendant claimed that as to one thirtieth of the real estate plaintiff had no title.   Further facts appear by the opinion of MARTIN, P. J., which was as follows:

The will of Thomas Williams, Jr., dated May 31, 1889, gave to his sister, Mary C. Williams, the whole of his personal estate, and further provided: "I hereby give and bequeath to my