# Huddy's Estate.

*Wills—Power of appointment by will—Exercise of power—Election of husband against donee's will—Act of June 4, 1879, P. L. 88.*

1. A testatrix by will gave $15,000 in trust to a granddaughter for life with power of appointment by will. The granddaughter married and subsequently died. In her will, after some small pecuniary and specific legacies, she bequeathed one-half of her residuary estate to her husband for life or until his re-marriage, the other half to her sisters and brother, and the remainder after her husband's life estate to her sisters; she did not direct the payment of her debts, nor did she expressly exercise or refer to the power given her by the will of her grandmother. The husband elected to take against her will. Upon distribution of the $15,000 fund in the hands of the trustees the court directed that the whole fund should be paid over to the executors of the deceased granddaughter. *Held,* that inasmuch as there was no appointment of the fund for the payment of debts and no such blending of it with the donee's assets as made it impracticable to pay directly to her appointee, the fund was distributable to the residuary legatees named in the will of the granddaughter, these being the ones entitled to take under the will of the creator of the trust as designated by the donee of the power.

2. In such a case the fact that the husband elects to take against the will of his wife, the donee of the power, in no wise affects the distribution of property thereby directly or incidentally disposed of in the exercise of a power of appointment, for such property is not and never was the "real and personal estate" of the wife, and the husband is therefore entitled to share the trust fund with the other residuary legatees named in his wife's will.

3. Where in such a case there are sufficient funds in the estate of the donee to pay her pecuniary legacies in full there is no necessity for applying the Act of 1879 so as to throw them upon the trust fund, and the law will not assume that the donee of the power intended so to exercise it.

Argued March 26, 1912. Appeal, No. 157, Jan. T., 1911, by Clara Huddy Fagan, from decree of O. C. Phila. Co., April T., 1897, No. 359, modifying adjudication in Estate of Emma Huddy, deceased. Before

MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Decree modified.

Exceptions to adjudication.  Before GUMMEY, J.

The material portion of the will of Emma Huddy was as follows:

I give and bequeath unto my said executors the sum of fifteen thousand dollars ($15,000) In Trust to invest the same, collect the income thereof, and after deducting the expenses of the Trust pay over the net income therefrom unto my said granddaughter, Helen W. Fagan, for and during all the term of her natural life. From and immediately after her decease In Trust for such person or persons, and for such estate and estates as she, the said Helen W. Fagan, by her last will and testament shall direct, limit and appoint.  In default of such appointment In Trust to pay over and divide the same to and amongst her children and the lineal descendants of any deceased child, share and share alike, the lineal descendants of any deceased child to take the share of their parent.  If any children or the lineal descendants of any deceased child shall survive her In Trust to pay over and divide the same amongst her brothers and sisters and the lineal descendants of any of them, who may then be deceased, share and share alike, such lineal descendants to take the shares of their respective parents.  If no brothers or sisters or the lineal descendants of any deceased brother or sister shall survive her In Trust for my said daughter, Eliza M. Fagan.  If she shall not then be living In Trust for my next of kin absolutely.  In the event of the marriage of the said Helen W. Fagan In Trust to pay to her out of the corpus of the said Trust estate the sum of one thousand dollars ($1,000), and her receipt for the same to the trustees aforesaid shall be a full and complete discharge thereof.

The will of Helen Walsh Fagan Moore was as follows:

I, Helen Walsh Fagan Moore, being of sound mind body & reason so make this my last will and testament.

To my Mother for the love I bear her two hundred dollars.

I leave to my Father in law William H. Moore one thousand dollars ($1,000).

I leave to the Ladies Auxiliary of the Seamen & Landsmen's Aid Society two hundred dollars ($200).

I leave to Kasmus Simonson (now Missionary of Seamen & Landsmen's Aid Society) one hundred dollars ($100).

I leave to Elizabeth Cooper 520 N. 19th St. One hundred dollars ($100).

I leave to my Sister Emma Lowry Fagan all my clothing, jewelry, furniture, etc., to be by her disposed of as requested by me privately.

I leave the rest of my estate to be divided in half one part to be equally divided between my sisters Clara Huddy Fagan, Emma Lowry Fagan and my brother Benjamin Seton Fagan.

The other part I leave to my dear husband Edwin Hagert Moore as long as he remains single to be held in trust and in case of his marriage or death to revert to my Sisters Clara Huddy Fagan & Emma Lowry Fagan.

I name as my Executors Edwin Hagert Moore, my mother Eliza Massey Fagan & any other person named by them if desired.

Witness my hand & seal the Twenty sixth day of May One thousand nine hundred & five.

At the adjudication of the account of trustees of Emma Huddy, deceased, Edwin Hagert Moore elected to take against his wife's will. The auditing judge thereupon awarded the whole fund as follows:

"One half thereof to be divided equally among Clara Huddy Fagan, Emma Lowry Fagan and Benjamin

Seton Fagan and the remaining one half thereof to be divided equally between Clara Huddy Fagan and Emma Lowry Fagan."

Edwin H. Moore excepted to the adjudication on the ground that the auditing judge had not allowed any of the specific monetary bequests given by Mrs. Moore.

The court in banc, in an opinion by LAMORELLE, J., of its motion, and without any exception raising the point, awarded the whole fund to the executors of Mrs. Moore's will.

*Error assigned* was the decree of the court.

*Fell & Spalding,* for appellant.—The Orphans' Court had no power to modify the adjudication by revoking the awards to the appellants of its own motion and awarding the balance of the account to the executors of the will of the donee of the power: Stitzel's Est., 221 Pa. 227.

When the instrument exercising the power goes into effect the appointee is held to take the estate or property under and by virtue of the original instrument creating the power and not under the instrument of exercise; the donee in such cases acts merely as the agent of the donor of the power: Com. v. Duffield, 12 Pa. 277; Com. v. Williams, 13 Pa. 29; Pepper's Est., 120 Pa. 235; Swaby's App., 14 W. N. C. 553; King's Est., 14 W. N. C. 77; Howell's Est., 185 Pa. 350; Dunglison's Est., 201 Pa. 592.

The Act of June 4, 1879, has not changed or altered this rule of law: Ashburner's Est., 2 Pa. D. R. 776; Aubert's App., 109 Pa. 447; Garman v. Glass, 197 Pa. 101.

All the cases decided by the Orphans' Court of Philadelphia County excepting Huey's Est., 17 Pa. D. R. 1030, may be distinguished from the present case upon the ground that the will of the donee expressly directed the payment of the donee's debts. No such direction

appears in the will of Helen W. F. Moore: Fisher's Est., 16 Pa. D. R. 151; Brown's Est., 17 Pa. D. R. 569; Finn's Est., 18 Pa. D. R. 408.

The Orphans' Courts of Allegheny County and of Montgomery county have not followed the rule adopted by the Orphans' Court of Philadelphia County: Kensel's Est., 21 Montg. County Law Repr. 67; Brewer's Estate, 33 Pitts. Leg. J. (O. S.) 161.

The rule of the court below, if adopted by this court, will establish the doctrine that wherever a will is construed to be an exercise of a power under the Act of 1879 the estate upon which the power operates is blended with that of the donee for all purposes. This doctrine is erroneous and should be overruled by this court.

*Charles F. Linde,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 29, 1912:

Emma Huddy died May 23, 1896, and by her will she gave $15,000 in trust, the income thereof to be paid to her granddaughter Helen W. Fagan for life, and "from and immediately after her decease, in trust for such person or persons, and for such estate and estates as she, the said Helen W. Fagan, by her last will and testament shall direct, limit and appoint." The donee of this power afterwards intermarried with Edwin H. Moore, and died testate, April 6, 1910. In her will, after some small pecuniary and specific legacies, she bequeathed one-half of her residuary estate to her husband for life or until his re-marriage, the other half to her sisters and brother, and the remainder after her husband's life estate to her sisters; she did not direct the payment of her debts, nor did she expressly exercise or refer to the power given her by the will of Emma Huddy.

The trustees of the Huddy Estate filed their account, and upon its audit Edwin H. Moore elected to take

against his wife's will; whereupon the auditing judge awarded the trust fund to the other residuary legatees named in the will, under the Act of June 4, 1879, P. L. 88. But, without acting upon any specific exception raising the point, the court, in banc, on its own motion, modified the adjudication and made the award to the executors of the donee of the power, saying, "The fund should have been awarded to the executors of the will of Helen W. F. Moore and not directly to certain of the residuary legatees;.....creditors, if any, have rights and their claims against the estate of that decedent may be heard only upon the settlement of her estate; and she, by blending her own and that which she appoints, has created a common fund, possibly for all purposes, though certainly for creditors and legatees;..... In such cases there is nothing by which that which passes under the power can be distinguished from what passes by virtue of ownership. ........What rights, if any, the husband who elects to take against the will has in this fund of $15,000 need not now be considered in that the question cannot be determined except upon the audit of the account of the executors of his wife's will."

It seems to us that the learned court below misconceived this case. It is not an instance where the donee of the power either expressly or by implication appointed the fund for the payment of her debts, nor did she so blend the fund with her own assets that it is impracticable to pay directly to her appointees. So far as the record shows there is no difficulty in making the payments directly to those now entitled to take under the will of Emma Huddy as designated in the will of the donee of the power. The appointees do not take through the donee; when her will, the instrument exercising the power, went into effect the property vested in them under and by virtue of the original will creating the power: Com. v. Duffield, 12 Pa. 277; Com. v. Williams, 13 Pa. 29; Pepper's Est., 120 Pa. 235; Swaby's

Appeal, 14 W. N. C. 553. The Act of June 4, 1879, P. L. 88, Sec. 3, in nowise alters the law in this respect; its effect is to make the will of a donee of an unrestricted absolute power operate as an exercise of the power even though no such intention is expressed therein. The law now assumes that such was the intent of the testator unless a contrary intent appears by the will: Aubert's Appeal, 109 Pa. 447. Since there are sufficient funds in the estate of the donee to pay her pecuniary legacies in full, there is no necessity for applying the Act of 1879 so as to throw them upon the trust fund, and the law will not assume that the donee of the power intended so to exercise it; therefore those to whom she left pecuniary and specific legacies have no interest in this fund, nor under the facts of this case have the donee's creditors. It is not necessary to decide what the result would be under other circumstances.

The Act of May 4, 1855, P. L. 430, Sec. 1, provides that a surviving husband may elect to take against his deceased wife's will "such share and interest in her real and personal estate as she can, when surviving, elect to take against his will in his estates." Such an election affects the distribution of the "real and personal estate" of the deceased wife, the husband taking his share of her property as though there was no will; but it in nowise affects the distribution of property thereby directly or incidentally disposed of in the exercise of a power of appointment, for such property is not and never was the "real and personal estate" of the wife. Hence, Edwin H. Moore is entitled to share the trust fund with the other residuary legatees named in his wife's will.

Even though there was no exception raising the exact point, the court below was within its rights in correcting what it conceived to be a fundamental error in the distribution, and Stitzel's Est., 221 Pa. 227, rules nothing to the contrary. It might have been better,

however, if counsel had been afforded an opportunity properly to present their views before such a radical modification as here made was finally determined upon.

The assignment of error is sustained and the record is remitted to the court below with directions to modify its decree in accordance with the views herein expressed; the costs to be paid out of the fund.