## McCord's Estate.

*Wills—Power of appointment—Exercise of power—Ownership—Incidents —Collateral inheritance tax.*

1. Where a testatrix by her will expressly states an intention "to dispose not only of all estate and property which I own or hold in my own right, but also all over which I have any power of appointment," and, further, "that the entire estate and property shall be administered by my executors," etc., the appointed estate is reduced by such will to the possession of the executors of the decedent for every purpose of her will.

2. The benefits of ownership must carry all the burdens incident thereto.

3. Legacies to nephews and nieces of such a testatrix are liable for the collateral inheritance tax, even though the legatees are the lineal descendants of the donor from whom the testatrix received her power of appointment.

LAMORELLE, P. J., dissents.

Exceptions to adjudication.  O. C. Phila. Co., Jan. T., 1922, No. 181.

*George V. Strong*, for exceptions.

*Abraham Berkowitz*, for Commonwealth, contra.

HENDERSON, J., July 28, 1922.—By her will the testatrix directed as follows: "It is my intention by this my will to dispose not only of all estate and property which I own or hold in my own right, but also all over which I have any power of appointment and especially that devised or bequeathed by the will of my Father, John D. McCord, and it is my further intention that the entire estate and property shall be administered by my Executors hereinafter named for the purpose of carrying out the provisions of my will."

It would be difficult to conceive of language more expressive of the intent to reduce the appointed estate to the possession of the executors of the decedent for every purpose of her ·will.

In the absence of an express direction, no such intent will be implied.  Ever since King's Estate, 14 W. N. C. 77; Swaby's Appeal, 14 W. N. C. 553; Dunglison's Estate, 201 Pa. 592, and Cox *v.* Dickson, 256 Pa. 510, the doctrine of Rous *v.* Jackson, L. R., 29 Ch. D. 521, has been repudiated in Pennsylvania, and we have followed that of Powell's Trusts, 39 L. J. Ch. 188. (These questions are discussed in Gray on Perpetuities (3rd ed.), 658, in support of the doctrine enunciated in Powell's Trusts; and *contra* by Prof. Kales in 26 Harvard Law Rev. 64, and by J. L. Thorndike, Esq., in 27 Harvard Law Rev. 705.)

It has also been held that no such implications will be made where the power is exercised merely under the Act of June 4, 1879, P. L. 88: Huddy's Estate, 236 Pa. 276.

In South's Estate, 248 Pa. 165-168, Mr. Justice Potter said: "The Act of 1879 is in substance a declaration that a gift or devise of the whole of one's estate shall carry with it property over which there was a power of appointment by will. As our brother Moschzisker said in Huddy's Estate, 236 Pa. 276 (282): 'Its effect is to make the will of a donee of an unrestricted absolute power operate as an exercise of the power, even though no such intention is expressed therein. The law now assumes that such was the intent of the testator, unless a contrary intent appears by the will: Aubert's Appeal, 109 Pa. 447.' "

In brief, the effect of this ruling assimilates power with ownership or property.  A testator may deal with it in that way, and if he does, it follows that the benefits of ownership must carry all the burdens incident thereto. The title and incidents of ownership are inseparable.

This testatrix has dealt with this estate as her own; she has reduced it to the possession of her executors for all purposes of her will—administration

expenses, debts, legacies—and she has even given a part of it to new trustees, whom she names. She has in effect written into her will the rule in Rous *v.* Jackson, L. R., 29 Ch. D. 521. We know of no reason why she should not do so, and having so directed, the legacies to her nephews and nieces are liable for the collateral tax, even though they are the lineals of John D. McCord.

Donees under general powers of testamentary appointment may dispose of the estate, subject to the power, directly to their appointees, or they may reduce it to the possession of their executors and subject it to their debts, expenses of administration and legacies. When the latter course is pursued, it passes as the estate of the donee, one of which he was possessed, by virtue of the power, in his lifetime.

It is argued that the donee of the power might contravene the rule against perpetuities by creating a trust beyond the limit applicable to the donor. This objection overlooks the fact that by reducing the estate to possession, the donee may create such a trust. It would be just as valid to argue that upon the termination of a long trust, the remainderman could not again put the fund in trust for a period which would offend the rule as applicable to the earlier testator. See Rous *v.* Jackson, L. R., 29 Ch. D. 521.

The exceptions are dismissed and the adjudication confirmed absolutely.

Lamorelle, P. J., dissents. For dissenting opinion, see 2 D. & C. 130.