## McCord's Estate.

*For report of this case, see 2 D. & C. 5.*

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1922, No. 181.

LAMORELLE, P. J., dissenting, July 28, 1922.—I dissent because I believe the reasoning of the majority opinion is wrong fundamentally.

Strictly speaking, power over a thing or in relation thereto is not ownership of that thing. It is true that where the power is general and unlimited, it may be, and is, treated as tantamount to ownership; but in the present case the donee is limited to an appointment by will: this is neither more nor less

2 D. & C.

McCord's Estate.

than a right in donee to designate who may succeed to donor's title to donor's property, provided that such designation is contained in donee's will, either in express terms or by legal implication or enactment.

A power to appoint by will, while usually called a general power, is not sufficiently broad to make it the equivalent of ownership; the donee is limited by the authority given by the donor; he cannot by any act of his own enlarge it. If, however, there be a general and unlimited power to appoint by will or by deed, then, in that the donee may appoint to himself, equity will regard the right of subjection to ownership as if it were actually exercised.

Where a donee, after directing payment of his debts, blends his estate with that of the donor, then all passes to the executors of the will of the donee, because this is in effect an appointment to creditors. No case, however, holds, nor could it on authority so hold, that creditors of the donee take the appointed estate as the estate of the donee; on the contrary, they take because the donee has by implication elected to appoint the estate of the donor for their benefit: Brown's Estate, 17 Dist. R. 569; Fell's Estate, 14 Dist. R. 327. Yet it has not become part of the estate of the donee, because of such blending, any more than it would become his estate, if he in terms appointed to his creditors. True, to the extent that one uses the donor's estate to pay his, the donee's, debts, it is possible, in certain cases, his own estate may be exonerated, but that is another question and is beside the one now under consideration.

No matter what language this testatrix used in her will, she was legally incapable of reducing the *corpus* of this fund into possession in her lifetime; a title which could not vest in her while alive and had capacity to take could not become hers when such capacity had ceased because of her death. She did not die seised or possessed of this property, nor did it pass through her, nor from her *as hers*.

None of the more recent decisions, nor the Act of 1879 *(infra)*, nor any of the acts relating to collateral inheritance tax, has disturbed the ruling in Com. *v.* Williams's Exec'rs, 13 Pa. 28, wherein it was held that an estate appointed by the will of a donee in the exercise of a power was not subject to tax when the appointee was a lineal descendant of the donor. Said Mr. Justice Coulter (at page 31): "The plaintiffs contend that the brothers and sisters of Mary took, and the estate passed to them, by her will; and that, therefore, they took the estate *collaterally*. But Mary Williams was never seised of the estate in fee; she had but a life estate, which was expended by her death. What she never had, she could not grant; she could not pass the estate by her will; she could only designate the person to whom the estate would pass *by her father's will*. The devise is after her death to such persons as she shall appoint by will; she appointed lineal descendants of her father, and the estate passed to them by his will. This seems plain enough; so plain that it is unnecessary to complicate the question by any discussion about the nature of the power of appointment."

The principle is recognized in Huddy's Estate, 236 Pa. 276, in which case it was decided that an election to take against his wife's will confined the right of the surviving spouse to her estate and gave him no share in an estate over which she had a general power of appointment by will, and which estate passed under her will by virtue of the Act of June 4, 1879, P. L. 88. This was because the appointed estate *was no part of her estate* and did not pass from her as her estate; and, further, the act was said not to alter the law to such extent that the appointed estate became that of the donee because of the blending of the two estates and a failure to specifically appoint; in short, this act, in providing that donee's will should be assumed to pass donor's

estate unless a contrary intention was contained in such will, was not intended to convert estate to donee.

Mifflin's Appeal, 121 Pa. 205; Evans's Estate, 11 Dist. R. 730, and Ritchie's Estate, 24 Dist. R. 510, are all cases where there was an unlimited power in the donee to appoint by deed, by will or to use or consume; naturally in the circumstances it followed that the estate of the donor became that of donee, and as such passed from him. These decisions are not, therefore, inconsistent with the theory upon which this dissent is based.

I, therefore, would sustain the exceptions.