# Hill et al. *v.* Hill et al., Appellants.

*Will—Trusts and trustees—Expenditures for education of grandchildren.*

1. Where a testator directs his trustees to expend such sums as may be necessary to give his granddaughters a "liberal education in

the best seminaries in the land," a mother of one of the grand-daughters can demand that the trustees reimburse her for payments made by her for the granddaughter's expenses at a high-class preparatory school for girls.

2. In such case the trustees cannot resist payment because they had determined that the girl should be educated at the high school in the town in which she lived, where it appears that her parents were divorced and both lived in the town and the court finds as a fact that the girl's moral and mental growth would develop to a much higher degree by her attendance at some school away from the distracting influences of her father and mother.

Argued March 13, 1923. Appeal, No. 296, Jan. T., 1923, by defendants, from decree of C. P. Bradford Co., Sept. T., 1917, No. 1, on bill in equity, in case of Marjorie Hill, by her mother and next friend, Mable S. Hill, and Mable S. Hill, on her own behalf, v. George R. Hill et al., Trustees of Jonathan A. Hill, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill against trustees to compel reimbursement. Before HECK, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*William P. Wilson,* with him *J. Roy Lilley,* for appellant.—Except in the presence of fraud, a court of equity may not control the exercise of a discretion which has been lodged in a trustee by the creator of the trust: Jones's Est., 12 Pa. Dist. R. 113; Allison's Est., 11 Pa. C. C. R. 18.

When this question was before the Superior Court, it involved a failure to exercise any discretion: Hill v. Clark, 74 Pa. Superior Ct. 181, 190.

*R. W. Archbald,* with him *Edwin P. Young,* for appellee, cited: Hill v. Clark, 74 Pa. Superior Ct. 181, 190, 191.

PER CURIAM, April 9, 1923:

Marjorie Hill, by her mother and next friend, and the latter, Mabel S. Hill, on her own behalf, filed a bill in equity to compel George R. Hill and W. W. Clark, trustees under the will of Jonathan A. Hill, deceased, to reimburse expenditures made by Mrs. Hill for the education of her daughter; a decree was entered accordingly and defendants have appealed.

The court below found substantially as follows: Decedent by his will directed defendant trustees, from and after the death of his widow (now deceased), to expend from his estate, using principal if necessary, sums sufficient for the "liberal education" of such of his grandchildren, "as in the judgment of my trustees are worthy of it, and would be benefited by it, giving......the girls a liberal education in the best seminaries of the land, [and] defraying the expenses of such education from the time they each arrive at fifteen years of age"; the income in the hands of the trustees is ample for the purpose of educating all the grandchildren of testator in the manner provided by him; Marjorie Hill is a grandchild of testator, and one of the four children of George R. Hill and plaintiff, Mabel Snow Hill; during the years 1918 and 1919, this grandchild, then seventeen years of age, was sent to the Shipley School at Bryn Mawr, the expenses being paid by her mother; "the Shipley School is an institution of high standing, well suited for the educational requirements of Marjorie Hill, considering her circumstances and surroundings at the time she entered" it; just prior to Marjorie's entering the Shipley School, however, the trustees had determined that her education should be obtained in the high school of the Borough of Towanda, for the following two years, "of which decision [plaintiffs] had full notice"; this high

school is a first-class institution of its kind, and a suitable place for supplying the then educational needs of Marjorie "were it not for the dissensions existing between her parents"; for some years Mr. and Mrs. Hill lived apart, and finally were divorced; their relations, after the legal separation, continued to be most unhappy and strained,—they were in frequent legal conflicts, and "continuous" dissension existed between them, principally over the care and control of their children; as a consequence of this unfortunate state of affairs, Marjorie would have been "unable to pursue her studies with the efficiency a girl of her years should attain," if she had remained in the place where both her parents lived, "and her moral and mental growth would develop to a much higher degree by her attendance at some school away from the distracting influence of her father and mother."

On these findings the court determined that "the estate of Jonathan A. Hill should pay to Mabel Snow Hill the sum of $1,373.17 with interest, being the [reasonable] expense of sending Marjorie Hill to the Shipley school."

We see no error either in the findings of fact or in the conclusions based thereon. The relevant rules of law are correctly stated by Judge KELLER in Hill v. Clark, 74 Pa. Superior Ct. 181.

The decree is affirmed at cost of appellant.