## Mulligan's Estate.

*Widow's election—Electing against will no disqualification to act as testamentary guardian.*

A widow who elects to take against the will of her deceased husband is not by such election disqualified to act as testamentary guardian of his children's distributive shares of his estate.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1918, No. 239.

*D. J. Dolan*, for exceptions; *Gordon A. Block* and *Stern & Wolf*, contra.

GUMMEY, J.—By the will of Martin Mulligan, his wife, Ellen Mulligan, was appointed guardian of the estates of his two minor children; she took against the will, and the question raised by the exceptions is whether the auditing judge erred in awarding to her, as testamentary guardian, the children's distributive shares of their father's estate.

The right of a widow to elect to take against the will of her husband is regulated by statute, and in this particular instance by the statutes enacted prior to the date when the Wills Act of 1917 became effective. These statutes will be found collected in Cunningham's Estate, 137 Pa. 621, and need not be quoted in detail. It is important, however, to point out that the right given to the widow is to "take her choice, either of the bequest or devise made to her under any last will and testament or of her share of the personal estate under the intestate laws aforesaid:" 4 Stewart's Purdon, 5149.

Where a widow elects to take against her husband's will, it is a common saying that as to her there is no will, and in some of the states this doctrine has been adopted literally, and a widow who has qualified as executrix or accepted any other office created by the will has been precluded from subsequently asserting her dower rights. Other states have, however, taken a contrary view, holding that the right to act as executrix, etc., is exercisable in a different capacity. (See cases collected in the adjudication filed In re Estate of Jesse Roberts, deceased, No. 203, January Term, 1913.) Statements to the effect that where a widow elects to take against the will, there is, as to her, no will, are also found frequently in the reported cases in this State; but in the cases which we have examined in which this expression has been used there has been an attempt to take advantage of some clause in the will so as to increase the share or quality of the estate given by the intestate laws. Thus, in Cunningham's Estate, 137 Pa. 621, where the widow elected to take against the will, she contended that, as the will worked a conversion, she was entitled to take the proceeds of converted real estate as personalty. Mr. Chief Justice Mitchell said: "Conversion takes place by virtue of the will, but as to the widow so electing there is no will. She must make her choice, and it is will or no will. She has time to consider which she shall take, but the quality of the estate as to her rights is fixed at the moment of death, and she must take one or the other as they were then. The law does not permit her to say there is a will for conversion and no will as to her share."

It is evident, however, that when Mr. Chief Justice Mitchell uses the expression "will or no will," he is applying it to the widow's property rights. Thus, he goes on to say: "The election which the widow is required to make is between rights, not between benefits. She has the right to abide by her husband's disposition of his property, or the right to override it and claim under the intestate law."

In the recent case of Huddy's Estate, 236 Pa. 276; it was held that, although a husband had elected to take against his wife's will, he was, nevertheless,

entitled to receive the benefit of an estate over which she had a power of appointment and which she had exercised in his favor for the reason that the appointed estate did not pass as the estate of the wife, but as the estate of the donor of the power. This seems to establish conclusively that the right of election is a property right and relates only to the *individual* estate of the deceased husband or wife to the extent that when the right of election has been exercised, the intestate laws supersede the will as to the share of the deceased husband's or wife's estate which the surviving spouse is entitled to receive, but that the other provisions of the will are to be carried out; and this is in accord with the view which we took in Kerrigan's Estate, 5 Dist. R. 125.

When a testator appoints an executor, guardian or trustee, he does so, not for the purpose of benefiting the person so appointed, but to safeguard the beneficiaries of his will by committing the trust to some one in whom he has confidence. Any benefit which such a fiuduciary may receive under the will by virtue of such appointment is not to be construed as a gift, but as compensation allowed by law for services rendered; and because the person so appointed, in the present case the testator's widow, elects to forego a provision in the will for her benefit, in order to avail herself of rights not dependent on the will, the other beneficiaries named in the will should not thereby lose the benefit of the qualities which influenced the testator in appointing her. Nor is there any reason in the present instance to assume that the recognition of the testamentary appointment of the widow as guardian of the children is antagonistic to their interests or repugnant to the wishes of the testator, although under a different state of facts we might require the guardian to enter security or make such other order as the particular circumstances seemed to require.

The exceptions are dismissed.