# Hill, Appellant, *v.* Hill.

*Divorce—Alimony—Amount—Income from spendthrift fund—Consideration in fixing alimony.*

An application to reduce alimony from $2,000 to $500 annually will be dismissed where the evidence fails to establish any legal diminution of income of respondent, since the date of the order.

In such case, consideration should be given to the fact that the appellee is the recipient of an income under a testamentary trust, notwithstanding that the trustees of the fund have discretionary power as to the payment of income.

Argued October 24, 1924. Appeal, No. 272, Oct. T., 1924, from decree of C. P. Bradford Co., May T., 1912, No. 316, making absolute rule to reduce alimony in the case of Mabel Snow Hill v. George H. Hill. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Application to reduce alimony. Before POTTER, P. J., 17th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court reduced the alimony from $2,000 to $580.42 annually. Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*David J. Fanning,* and with him *John C. Gilpin,* for appellant.

*J. Roy Lilley,* and with him *W. P. Wilson,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff obtained a divorce a mensa et thoro by a decree in the Court of Common Pleas of Bradford

County, entered February 16, 1915, the Honorable ED-
WARD C. NEWCOMB, of the Forty-fifth Judicial District,
specially presiding; included in which decree was an
allowance of alimony in the sum of $2,000, annually,
payable in equal monthly installments.  In April, 1924,
the plaintiff presented a petition to the court for an
order increasing the amount of alimony for reasons set
forth in the petition, among which was the expense in-
curred by the petitioner in successfully conducting cer-
tain legal proceedings in connection with the education
of her children as shown in the case reported in 277 Pa.
165.  The defendant filed an answer to the petition and
a cross-petition praying that the alimony allowed as
above recited be reduced to a sum not exceeding $500
because of the limited income of the defendant.  The ap-
plication for an increase of alimony was subsequently
withdrawn and the answer of the defendant was treated
as a proceeding for reduction of the amount theretofore
allowed.  Hearings were had and evidence was intro-
duced bearing on the financial ability of the defendant,
his occupation and condition in life.  The defendant's
principal estate seems to have been acquired under his
father's will of which he was one of the executors and
trustees.  His interest in that estate was shown and
taken into consideration in the proceeding before Judge
NEWCOMB, and it appears from the testimony taken in
the pending proceeding that there has been no material
change in the investments of that estate and in the in-
come therefrom since the decree for alimony.  This inter-
est consists of one-third of the income of the trust fund
remaining in the hands of the trustees under said will
which fund amounts to about $390,000.  The defendant's
mother, Lucy M. Hill, died January 17, 1914.  By her
will she created a spendthrift trust for the benefit of the
defendant and placed in the hands of trustees the prop-
erty described in her will for that purpose.  The will
provides that none of the proceeds of the said trust fund
shall go directly or indirectly to the plaintiff, either in

379, (1925).]          Opinion of the Court.

satisfaction of any decree or order for alimony or support, against the said George R. Hill in his lifetime or as his widow or otherwise. The said trustees were invested with a discretion to transfer the whole or any part of the trust property or its income to the said George R. Hill, which transfer must be to him directly and exclusively for his personal use, benefit and comfort and not otherwise. They organized a corporation known as the Hillscroft Company to which the trust estate created for the benefit of the defendant was transferred. The business of the corporation was set forth in the charter to be "for the purpose of engaging generally in agriculture, including fruit and timber raising, producing, improving and acquiring, holding and disposing of farm and residence, real and personal estate." The defendant was made president, treasurer and general manager of this corporation. Business of various kinds within and without the corporate project have been carried on by the corporation. Its assets are valued at from forty to fifty thousand dollars. One of its investments was a power yacht acquired by the defendant in exchange for an automobile. He was appointed, or appointed himself, captain of the vessel which had also one seaman and a young lady who is the defendant's secretary and who was described as secretary-stewardess of the yacht. It was used in Florida and Canada in summer trips and in the winter has been kept in a slip in Brooklyn, N. Y. The boat is fifty-three feet in length and twelve feet in beam and has accommodation for eight passengers. The expenses of its navigation are paid by the Hillscroft corporation, as may be concluded from the evidence, including a salary of $1,200 a year each to the defendant, the seaman and the secretary-stewardess. It was used to some extent in Florida and on a trip to Canada in the transportation of passengers. What the net income was from that source does not appear, but it was a very small sum in comparison with the cost of maintaining the boat.

Sometime after the entry of the decree for alimony, a son of the defendant and plaintiff borrowed from the estate of his grandfather, Jonathan A. Hill, $15,000 and gave his obligation therefor on which the plaintiff and defendant became sureties. The son lost the money in unfortunate investments and the obligation is still unpaid; the interest thereon being $900 a year. The defendant owes to his father's estate about $3,300, the balance of an indebtedness of $25,000 which he owed in 1905. The interest on this indebtedness is six per cent.

The defendant assumed the burden of showing that the amount of alimony awarded by Judge NEWCOMB was disproportionate to his income or in excess of the amount allowed by the statute. His contention was that his income from his father's estate is $5,-521.25 from which should be subtracted interest on his indebtedness to his father's estate, also interest on the indebtedness of his son on which the defendant and plaintiff were sureties, as well as interest on an indebtedness of $1,100 due on an obligation given by the defendant to a relative. Accepting these figures from the defendant as correct, the court found that his net income was $4,401.25 and that this should be reduced by payments for the education of his children, $2,900, thus reducing the income to $1,501.25. There was a further deduction made of $960 growing out of a settlement made between the plaintiff and defendant by which the latter was to pay the former $960 a year for five years under a decree of the court. The relation of the defendant to the Hillscroft Corporation was disregarded by the court on the ground that the will of the defendant's mother prohibited the appropriation of any of that fund directly or indirectly to the defendant's wife and no consideration seems to have been given to his ability to engage in a gainful occupation. He has sole charge of the Hillscroft Corporation so far as directing and management is concerned as may be inferred from the evidence. It appears that he consults with the trustees

at times, but for all practical purposes he is the sole administrator of the affairs of that company. It does not appear that he receives any other compensation than that which he takes as captain of the boat referred to, and in that capacity he is rated with the seaman and the secretary-stewardess. That the calculation of income which is the basis of the decree appealed from is too low, we think may be fairly deduced from the evidence. It is apparent that there has been an effort to minimize the defendant's income, and his interest in the trust created in his favor by his mother has been unwarrantably left out of consideration. No new facts were developed to reduce the income received from Jonathan A. Hill's estate except that relating to the interest charge on the $15,000 loan obtained by J. A. Hill, the son of the defendant, from the grandfather's estate. As the defendant's income from that estate arises under a spendthrift trust, the defendant is not entitled to the claim set up by him that he is paying interest on his own indebtedness and that of his son to the trustees of the Jonathan A. Hill estate. The provision of the trust is that neither principal nor income bequeathed and devised in trust for George R. Hill, shall be used for or subject to any debts, contract or liability of any kind whatsoever arising in any manner whatsoever, of the said George R. Hill, either past, present or future, but all of the said income, interest and profits arising under the trust shall be paid by the trustees to the said George R. Hill only and for his sole and separate use. This limitation is binding on the trustees and is not relaxed by the fact that they may have loaned a part of the trust fund on an obligation on which the cestui que trust was surety. The protection to the latter was against debts and liabilities of any kind arising in any manner, past, present or future. It is not the privilege therefore of the defendant to successfully plead that the trustees are retaining from his income under the trust interest on an indebtedness of his son for which he

became liable as endorser. The whole income of the fund is to be paid to him directly by the trustees under the express conditions of the trust; nor does the exercise of the general power of appointment under the will make the estate assets for payment of the debts of the appointor: Overman's App., 88 Pa. 276; Dunglison's Est., 201 Pa. 592. Such an appointee takes under the will creating the trust and not through the appointor: Com. v. Williams' Executors, 13 Pa. 29. The law provides a remedy if the trustees withhold his income. Nor should the interest which the defendant has in the trust created in his behalf under his mother's will be disregarded. If it be conceded that it is not within reach of his wife as an available source from which to derive alimony, it is nevertheless productive of income for his use and if so available, it is a part of his means of living. It is suggested in the argument of the appellee that the giving of any part of the income of this fund to him is wholly a matter of discretion with the trustees, but we find no evidence in the case indicating to the slightest degree that they have refused to turn over that income to the defendant. We need not consider therefore the question whether inasmuch as the income is appropriated to no other purpose and the trust was created solely for the benefit of the defendant, the trustees would be at liberty to accumulate the income for the benefit of the defendant's appointee. Nor is the defendant's ability and earning capacity to be overlooked in the consideration of the case. There is abundant evidence of his energy and efficiency. He is in the prime of life and in good health. He has control of a large estate and of a business apparently requiring an office and a secretary and carrying a bank account. It is not clear that he can engage in his various enterprises without adequate compensation and thereby deprive his wife of the benefits adjudged her by the court's decree. It seems not to be disputed that the amount received by him for salary as captain of the yacht can be taken into

consideration. That the boat is used largely for pleasure purposes must be apparent to one reading the evidence. There is nothing in the case to show that the trust estate created under Lucy M. Hill's will had become productive at the time the decree for alimony was entered, and we are unable to find in the record evidence that there has been a legal diminution of income to the defendant since that time. As the decree of the court below was based solely on the defendant's statement of income and involved an allowance of items not properly included therein and omitted all consideration of the relation of the income produced by the Lucy M. Hill's bequest, our conclusion is that the reduction of alimony theretofore granted was erroneously made and that the application for a reduction of the amount allowed under the decree of Judge NEWCOMB should be dismissed. The decree is therefore reversed at the cost of the petitioner, George R. Hill.