## Haven's Estate.

*Wills—Construction—Reducing donor's estate to possession of donee by exercise of power—Omission by donee of specific direction to pay debts.*

1. Where the testator confers a general power of appointment over the *corpus* upon the life-tenant, and the donee of the power, although making a testamentary declaration of her intent to exercise it, fails to direct the payment of debts, such omission indicates that she has not made the appointed estate her own for all purposes, and it is, therefore, not subject to the transfer inheritance tax as her own property.

LAMORELLE, P. J., and VAN DUSEN, J., dissent.

2. Where, by items 2, 3, 4, 5, 6, 7, 8 and 9 of her will, the donee of the power gives pecuniary legacies, by the tenth directs that they shall be paid out of her personal estate, by the eleventh bequeaths the residue of her real and personal property, and by the twelfth exercises the power of appointment, thereby showing an intent to give the entire appointed estate to her residuary legatee, it would seem to be the better opinion, aside from othr considerations, that she has not made the appointed estate her own for all purposes, and, hence, the transfer inheritance tax is not due thereon.

LAMORELLE, P. J., dissents.

Exceptions to adjudication. O. C. Phila. Co., July T., 1891, No. 179.

Testator, Charles E. Haven, by the sixth item of his will, duly admitted to probate, bequeathed his residuary estate to his executors in trust, to keep the same invested and to pay one-half the net income thereof to his daughter Rebecca, for her sole and separate use during her life, and after her decease, "in trust to and for such uses and purposes as she, the said Rebecca, shall and may appoint by her last will and testament or by any instrument in writing in the nature thereof to be by her signed whether covert or sole."

Rebecca died, leaving a will dated Jan. 8, 1923, duly admitted to probate, by items 2, 3, 4, 5, 6, 7, 8 and 9 of which she gave pecuniary legacies to various legatees; the essential parts of the other items were as follows:

"Tenth. All of the above specified legacies are to be paid out of my personal estate and are not to be charged on my real estate, and all are to be paid without any deduction on account of taxes levied on legacies or inheritances by the United States or any State, and I hereby authorize and direct my executor to pay all such taxes out of the residue of my personal estate.

"Eleventh. All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever situated, I give, devise and bequeath to my sister, Laura Haven Means, absolutely and in fee. . . .

"Twelfth. I declare this will to be an exercise of whatever power of appointment I may be authorized to exercise under and by virtue of any instrument or deed, or last will and testament by whomsoever, whensoever and wheresoever made, unless such power has been exercised by me by deed or other valid instrument other than a will or codicil prior to the date of my death.

"Thirteenth. If my said sister's husband, David MacGregor Means, survive me, I appoint him Executor of this my will. . . ."

The Auditing Judge held that she had made the appointed estate her own for all purposes and it was subject to transfer inheritance tax.

*Philip Price*, for exceptions; *William M. Boenning*, contra.

HENDERSON, J., Dec. 12, 1924.—Charles E. Haven, who died in 1890, gave, after the death of his wife, his estate to trustees to pay the net income of one-half thereof to his daughter Rebecca for life, and he conferred on her a general power by will to dispose of the *corpus* of this half of his estate.

Rebecca is dead, leaving a will which does not direct the payment of her debts, but by the twelfth item she provided as follows: "I declare this will to be an exercise of whatever power of appointment I am authorized to exercise under and by virtue of any instrument or deed, or last will and testament by whomsoever, whensoever and wheresoever made, unless such power has been exercised by me by deed or other valid instrument other than a will or codicil prior to the date of my death."

By the eleventh item she also directed as follows: "All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever situated, I give, devise and bequeath to my sister, Laura Haven Means, absolutely and in fee. . . ."

The auditing judge held that under the rule in McCord's Estate, 276 Pa. 459, and Forney's Estate, 280 Pa. 282, the donee had made the appointed estate her own for all purposes, and, hence, imposed the transfer inheritance tax. The auditing judge held the absence of a direction in the will to pay her debts to be immaterial. The exceptions raise this question.

In McCord's Estate, 276 Pa. 459, 463, Mr. Justice Walling adopted, *inter alia*, the following language of this court when ruling thereon *in banc:* "Donees under general powers of testamentary appointment may dispose of the estate, subject to the power, directly to their appointees, or they may reduce it to the possession of their executors and subject it to their debts, expenses of administration and legacies. When the latter course is pursued, it passes as the estate of the donee, of which he was possessed by virtue of the power in his lifetime."

The theory of McCord's Estate is plain and simple—when a donee of a general power disposes of the trust fund in such a way as to make it her own for all purposes, she gives it all the incidents of ownership, and having done so, must accept all the burdens attaching thereto. The benefits and burdens of property are inseparable.

In McCord's Estate the testatrix had directed the payment of her debts, and in the instant case there is no such direction; the learned auditing judge says that difference is immaterial, in that she declares her will to be the exercise of the power.

We are of opinion that this difference is material, because she has thereby withheld from the fund one of the incidents of ownership; she has not made it her own for all purposes. It does not pass as her estate, but directly from

these accountants under the will of Charles E. Haven to her legatees. The learned auditing judge states that it is not needed for legacies, and, hence, he should not have deferred distribution until after settlement of the estate of Rebecca E. Haven. Distribution to Laura H. Means is now directed.

Howell's Estate, 4 D. & C. 526, is to be distinguished from the instant case, in that therein the will of the donee of the power directed that the appointed estate should be disposed of as "In this will directed in conjunction with my own estate. That is, to and for the same purposes as his own estate. Hence, it could be used for debts.

The theory of the instant adjudication is that a direction to pay debts is not a necessary part of a will, and in its absence will be implied. A will does not operate upon an estate till administration expenses and creditors are satisfied, and for that reason a direction to pay debts is not a necessary part of a will. This is not true of an appointed estate. But, it is urged, the residuary clause blends the two estates, and, hence, impliedly subjects the appointed estate to her debts. A similar situation existed in Huddy's Estate, 236 Pa. 276, wherein the donee of the power left a will which did not direct the payment of debts, gave legacies, contained a residuary clause, but no express exercise of the power. The Act of June 4, 1879, P. L. 88, worked an exercise of the power by implication.

The husband elected to take against the will, and in upholding his right to one-half of the appointed estate under the residuary clause of the will of the donee of the power, Mr. Justice von Moschzisker said: "Since there are sufficient funds in the estate of the donee to pay her pecuniary legacies in full, there is no necessity for applying the Act of 1879 so as to throw them upon the trust fund, and the law will not assume that the donee of the power intended so to exercise it; therefore, those to whom she left pecuniary and specific legacies have no interest in this fund, nor under the facts of this case have the donee's creditors. It is not necessary to decide what the result would be under other circumstances."

Furthermore, it should be pointed out that, even if a direction to pay debts had been included in the will of the donee of the power, it is a grave question whether the appointed estate did not pass solely to the residuary legatee.

This would arise from the sequence of the provisions of the will, coupled with the direction in item 10 to pay legacies and inheritance taxes out of "my personal estate."

Items 2, 3, 4, 6, 7, 8 and 9 give pecuniary legacies; item 10 directs that they should be paid out of her personal estate, as also the taxes thereon; then follows the residuary bequest in item 11. Down to this point we have a complete distribution of her own estate. Then follows, in item 12, the exercise of the power showing the intent of the testatrix to give the entire appointed estate to her residuary legatee. See, also, Dohan's Estate, 3 D. & C. 182.

We are of opinion that the donee of the power has not made the appointed estate her own for all purposes, and, hence, the fund is not taxable under the rule in McCord's Estate. This rule should not be stretched to apply to cases whose facts are materially different.

All exceptions in keeping with this opinion are sustained, the others are dismissed, and the adjudication as modified by this opinion is confirmed absolutely.

VAN DUSEN, J., concurring.—I cannot agree that the omission of the conventional direction to pay debts is significant one way or the other with

respect to blending. Blending takes place as the result of a reduction of the appointed estate to possession for purposes as to which the will of the testator is controlling; that is to say, legacies, pecuniary and residuary. Liability for debts, expenses and taxes follows as a result thereof, and the omission of the testator to indicate a wish that they be paid is immaterial. The majority opinion says that the failure to provide for the payment of debts "is material, because she has thereby withheld from the fund one of the incidents of ownership, she has not made it her own for all purposes." But in Forney's Estate, 280 Pa. 282, testator made no mention of the payment of taxes, and yet the fund was held liable for taxes in spite of the withholding of this incident of ownership; and in no case of which I am aware does the court hold this omission to be controlling.

As to the other considerations which influence the majority opinion, I am inclined to agree, and I, therefore, concur in the judgment.

LAMORELLE, P. J., dissenting.—Testatrix, donee of a power, directs (by the eleventh item of her will) that certain pecuniary legacies theretofore given, as well as the taxes thereon, are to be paid out of her "personal estate." The context shows that the purpose was to exonerate her real estate and not to differentiate between her own property and that of the donor of the power. She continues, "and are not to be charged on my real estate. . . ." When she comes to consider her power of appointment, she refrains from exercising it in favor of any one. She declares in so many words that her will is the exercise of whatever powers of appointment she may have. This would appear to be a perfect blend, if such a thing there be. All claiming under the will have a right to participate in the blended estate. The residuary legatee has no rights whatever until all other legacies, with taxes, etc., are paid, and it is possible because of this blend that debts and costs of administration are charges against the blended estate.

In principle, the instant case cannot be distinguished from our own ruling in Howell's Estate, 4 D. & C. 526. Here testatrix said: "I declare this will to be an exercise of whatever power of appointment I am authorized to exercise . . .;" there, the donee said, "and I do hereby appoint, will and direct that the property over which I have the said power of appointment shall be disposed of as is in this will directed in conjunction with my own estate."

In the former cited case, we held that the estate of the donor was taxable as that of the donee. In the instant case, the auditing judge so rules, but the majority opinion finds his ruling erroneous.

What is the proper test of a blend so as to make an appointed estate the donee's for purpose of taxation? Surely liability for debts and costs of administration expenses are not necessarily the factors. The clear value of an estate is what is left *after* paying debts and administration. It would seem to follow that if the estate *to be taxed is made one*—that is, what is left for distribution—then *one tax* should be imposed; and if the donee has manifested a clear intention to unite the two estates, that intention governs, irrespective of the uses to which the fund is put.

In directing that payment of the award should await settlement by the executor of the will of the donee of the estate in *his* possession, the auditing judge followed the usual practice. Of course, if the majority opinion correctly enunciates the law, there was no reason for withholding payment. As, however, I cannot concur in the reasoning of the majority opinion nor in its conclusion, I am compelled to note my dissent.