## Mertens' Estate

*Charles A. Mertens, Jr.,* for accountants.

WAITE, P. J., December 21, 1932.—On August 12, 1932, Charles A. Mertens, Jr., as executor of the estate of his father, Charles A. Mertens, filed a second and partial account for Charles A. Mertens and Sabina L. Banister, who were the executors of the estate of August Mertens, deceased.

The estate of Charles A. Mertens was and is insolvent. The account shows that at the time of the death of Charles A. Mertens his estate was indebted to the August Mertens estate in the sum of $30,341.07, of which amount there were available assets amounting to $15,577.35, leaving an indebtedness of $14,853.72 for which there are no securities available. Nor does it appear probable that any part of this sum can ever be repaid out of the estate of Charles A. Mertens.

Paragraph 12 of the will of August Mertens is as follows:

"Twelfth. In case of any of my children do not direct the disposition of the sum of One Thousand ($1000) Dollars of their respective shares, as is herein provided for, by their last will and testament or writing in the nature thereof, then the said sum of One Thousand ($1000) Dollars shall be paid to and vest in such person or persons as would be entitled to the same in case said child or children had died intestate possessed of the said sum of One Thousand ($1000) Dollars."

Paragraph 16 of the will of Charles A. Mertens is as follows:

"Sixteenth. I order and direct that the sum of One Thousand ($1000) Dollars which I am authorized to dispose of by my will to be paid out of the estate of my father, August Mertens, be and the same shall be paid to my wife, Mary L. Mertens."

In Yarnall's Appeal, 70 Pa. 335, the language used by the will in that case was almost identical with that used in the will of August Mertens; in fact they are so much alike it would almost seem that one was suggested by the other. In that case the trust estate was given for life with a power of appointment of the principal and in default of appointment, the will provided as follows: "I direct the said trustee to grant, assign and pay the same to such person or persons as would be entitled to the same, in case they, my said daughters, had survived their respective husbands and departed this life intestate seised thereof in fee": held, that the daughters took fee simple estates.

In Dunglison's Estate, 201 Pa. 592, 593, the court said: "It may, perhaps, be presumed that the trustee in misapplying securities used those over which he had a power of testamentary disposition, rather than those belonging exclusively to the other trusts, in the first instance."

Applying the rule in Shelley's Case according to the principles laid down in Yarnall's Appeal, supra, to the facts in the instant case, it would seem that Charles A. Mertens took an estate in fee, in the $1000 bequest contained in clause 12 of the will of August Mertens; and in like manner applying what

was said in Dunglison's Estate, supra, we must hold that in misapplying the securities in the August Mertens estate, Charles A. Mertens used first the sum which was given to him under the above-quoted clause in the will of August Mertens, rather than those belonging to the other trusts. He would therefore have nothing remaining in that estate to dispose of, as he undertook to do under the sixteenth clause of his own will.

Distribution will accordingly be made to the trustees of the estate of August Mertens, in accordance herewith.

From Otto Herbst, Erie, Pa.