## Harris' Estate

*James F. Swartz*, for accountants.

VAN DUSEN, P. J., February 6, 1939.—Counsel for the accountant asked that the appointed estate be awarded direct to the appointees instead of to the personal representatives of the deceased appointor in the usual way. In Estate of Amelia W. Dougherty, deceased, no. 261, July term, 1922, I said:

"It has been for some time our general practice to award appointed estates to the personal representatives of the appointor instead of to the appointee. The appointor might have made the appointed estate liable for his debts or for legacies or only for purposes of his residuary estate. No matter how clear the terms of the will may be which exercises the power of appointment, the effect of the appointment can only properly be determined at a time and place when all the persons who may possibly be interested can be heard together, and when it can be determined whether the appointor's own estate or the appointed estate, or both, are to be applied for any or all of these purposes: See Estate of Florence Baird Jack-

son, deceased, no. 671 of 1938, recently decided by the court in banc. The appointed estate should be kept sepa-rate by the personal representatives and should be accounted for in a separate part of the account. The compensation to which the personal representatives may be entitled, if any, can be determined at the audit of their account. This practice is illustrated and approved in Curran's Estate, 312 Pa. 416.

Since the practice arose another reason for handling the appointed estate in this way has been created, namely, that by the Act of July 2, 1937, P. L. 2762, 20 PS §844, appointed estates have been made chargeable with their proportional part of the Federal estate tax, which is levied upon a whole composed of the appointed estate and the appointor's own estate and possibly other funds which may be taxable. The apportionment of the tax to the various funds or legacies, which may be required to bear their respective shares, can be effectively done by a court which has all the funds before it and all the parties before it at once. Though there may be other ways of getting at the result, it can easily be achieved in this way, and thus the difficulties noted in Uber's Estate, 29 D. & C. 341, can be avoided.

A case may occur, however, in which it is so clear that none of these questions can arise, that this course is unnecessary; and I think this is such a case. The exercise of the power is expressly made in the residuary clause so that the appointed estate cannot possibly be liable for the appointor's debts. There are no legacies in the appointor's will. The appointed estate is given to the same persons as those to whom she gives her own estate, so that no one is interested to claim an apportionment of the Federal tax, if any, between the two funds. If there is another fund which should pay part of the tax, that is not before me, and I have no power over it.

I must modify my statement above quoted from the Dougherty case to conform to the result herein arrived at. I will award the fund directly to the appointees. This was

the practice before it was realized that in most cases it .would be convenient to have both funds in the hands of the executors of the appointor. See McGlensey's Estate, 23 Dist. R. 492, and Huddy's Estate, 236 Pa. 276.